RECEIVED
OCT - 6 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>Consol. w/ 06-2243 & 08-0762 |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, THE OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108, AND THE INDIVIDUAL PILOTS | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a "Motion for Summary Judgment on 'Various Claims' in the "Return to Work" Case"[1] filed by PHI, Inc. ("PHI") [Doc. 221]. PHI seeks to have this Court declare it has no jurisdiction over "various claims" made on behalf of three subcategories of pilots who, also, have filed grievances against PHI, namely (1) "the claims" of seventeen (17) pilots discharged for engaging in competitive employment; (2) "the claims" of eleven (11) pilots whose return to work is delayed pending psychological evaluation; and (3) "the claims" of one (1) pilot whose requests for sick-leave status have been denied, on grounds "the claims" are minor disputes that must be resolved before the System Board of Adjustment over which this Court, by statute, has no jurisdiction. The Office of Professional Employees International Union ("OPEIU"), OPEIU Local Union 108 ("Local 108"), and the individual pilot plaintiffs ("the Individual Pilots") (collectively, "the Unions") filed a response [Doc. 234], arguing this Court has subject matter jurisdiction over the grievances, as the actions of PHI with respect to these grievances go beyond the actual grievances

---

[1] Civil Action No. 06-2243.

themselves and violate Section 2, Fourth of the RLA.

For the following reasons, the motion is DENIED.

I.  **Factual and Procedural Background**

The general facts and procedural history of this case have been set forth in considerable detail in previous rulings issued by this Court and will not be restated here. Despite the foregoing, the following relevant procedural history is particular to the instant motion.

The instant motion represents **the second time the issues raised herein have been presented** to this Court. This Court first examined the issues raised in the instant motion in ruling on "PHI's Rule 12(b)(1) Motion to Dismiss Various Claims Raised in the "Return to Work Case" for Lack of Subject Matter Jurisdiction" [Doc. 88]. In that motion, PHI sought to have the disputes at issue dismissed on grounds this Court lacked subject matter jurisdiction over them, arguing they were "minor disputes" that must be resolved before the SBA. On November 16, 2007, this Court ruled the disputes at issue are, indeed, minor disputes, but that "special circumstances" existed and found that due to the "special circumstances," the "minor dispute" processes were ineffective and/or unavailable to the affected pilots at that time, noting PHI had unilaterally suspended the operation of the SBA and, thereby, withdrawn the forum provided for resolution of the disputes [Docs. 145, 146]. Considering the foregoing, this Court stated:

> [T]his Court concludes the minor dispute processes are ineffective and/or unavailable to the affected pilots in this matter. PHI, through its own actions, has created the "special circumstances" which create an exception to the general rule that would deprive this Court of jurisdiction. For the foregoing reasons, this Court finds it has subject matter jurisdiction over the claims at issue.[2]

---

[2] See Court's Ruling on PHI's Rule 12(b)(1) Motion to Dismiss Various Claims Raised in the "Return to Work Case" for Lack of Subject Matter Jurisdiction, Doc. 145, p. 13 (footnote omitted).

## II. Law and Analysis

### A. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the parties favor as to all or any part thereof." Fed. R. Civ. Pro. 56(b). Summary judgement is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or is otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Pro. 56(e)

As summarized by the Fifth Circuit in Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also*, Moody v. Jefferson Parish School Board, 2 F.3d 604, 606 (5th Cir.1993); Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(emphasis added)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

### a. The Availability of an Effective Forum for the Adjudication of the Grievances

In its previous ruling, this Court determined the grievances at issue are, indeed, minor disputes that ordinarily would be subject to the exclusive jurisdiction of the SBA. Notwithstanding the foregoing, this Court ruled a "special circumstance" existed, that is, the evidence showed the

SBA grievance process was ineffective and unavailable to the Individual Pilots, as PHI had unilaterally suspended the SBA grievance process. Therefore, this Court ruled it had limited jurisdiction under the "special circumstances" existing, and denied PHI's motion to dismiss the Unions' "claims."

PHI now argues two events have occurred subsequent to this Court's issuance of its previous ruling which PHI argues facilitate this Court's dismissal of the "Unions' "claims," which PHI argues are minor disputes and thus, grievances, namely (1) PHI's indication to the Unions that it is prepared to send the Individual Pilots' grievances directly to arbitration by the grievance board, i.e., the SBA, and (2) the Unions' filing of a lawsuit to compel arbitration of these grievances.[3] In essence, PHI now contends because *it has indicated* it is "prepared to send the Individual Pilots' grievances directly to arbitration,"[4] there now exists an available and effective forum for adjudication of the grievances, and thus, the "special circumstances" noted by the Court in its previous ruling no longer exist. PHI argues the foregoing events have "resolved the Court's earlier reason for retaining jurisdiction," and this Court may now grant PHI's motion for summary judgment and dismiss those "claims" made by the Unions which PHI argues are "minor disputes" and thus, over which this Court has no jurisdiction.

This Court disagrees. As a procedural matter, this Court has ruled the administrative process which has been established to resolve "minor disputes" is ineffective and/or unavailable to the Individual Pilots. Although PHI contends "it is prepared to send the grievances directly to arbitration," *PHI has presented this Court with no evidence to establish that, in fact, the SBA*

---

[3] *See* Civil Action No. 08-0761, filed May 30, 2008.

[4] See PHI's Memorandum in Support of Motion for Summary Judgment, Doc. 221, p. 2.

*process is operating.* Rather, the opposite appears true, as there is pending before this Court a separate and independent lawsuit filed by the Unions asking this Court to "[o]rder PHI to process the Grievances through all applicable steps of the Article 36 Grievance Procedure and all applicable steps of the Article 37 System Board of Adjustment procedure including arbitration." *See OPEIU, et al. v. PHI, Inc.*, Civil Action No. 08-0762, thus suggesting the process is, in fact, not operational, notwithstanding PHI's "intention." It is axiomatic that minor disputes are within the exclusive jurisdiction of the regional adjustment board created by the parties. *See, e.g., Galveston Wharves*, 400 F.2d at 327; *Louisville & N.R. Co. v. Brown*, 252 F.2d at 154. This Court has previously concluded the minor dispute processes are ineffective and/or unavailable to the Individual Pilots, and with this motion PHI has not presented evidence sufficient to overcome this finding. Thus, PHI's motion for summary judgment requesting that this Court dismiss those "grievances" at issue in the instant motion on grounds the SBA grievance process is available and effective is DENIED.

The foregoing conclusion ends the inquiry presented in this motion for summary judgment, that is, one of two "special circumstances" exists which allow this Court the limited power to intervene[5] thus, PHI's motion must fail. Therefore, this Court need not address the second, more nuanced "special circumstance" and what the result of such an analysis might be.

III. **Conclusion**

For the foregoing reasons, PHI's"Motion for Summary Judgment on 'Various Claims' in the "Return to Work" Case" [Doc. 221] is DENIED. Specifically,PHI's motion for summary judgment requesting that this Court dismiss the grievances at issue in the instant motion on grounds the SBA

---

[5]This Court also notes the lack of clarity as to the true nature of that intervention. The concept of "remedy" is not addressed by this ruling as neither party has addressed that problematic issue.

grievance process is available and effective is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of October, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE