RECEIVED
JAN - 7 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION AND<br>OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court are two motions filed by the Office of Professional Employees International Union ("OPEIU"), its Local Union 108 ("Local 108"), as well as the individual pilots plaintiffs (the "Individual Pilots") (collectively, "the Unions"), as follows: (1) "Motion for Leave to File Second Amended Supplemental Complaint for Injunctive and Other Relief Under the Railway Labor Act in the Return to Work Suit" [Doc. 315]; and (2) "Motion for Leave to File an Amended Answer to PHI's Complaint and Unions' Fifth Amended Counterclaim in the Bad Faith Bargaining Suit" [Doc. 316]. PHI opposes certain aspects of both motions [Docs. 320 & 321].

### I. Factual and Procedural Background

The facts and procedural background of this matter have been set forth in meticulous detail by the Court in previous rulings and will not be repeated here.

### II. Law and Analysis

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides in relevant part:

**(a) Amendments Before Trial.**

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course:
>
>> **(A)** before being served with a responsive pleading; or
>>
>> **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

The Fifth Circuit has held the policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *See, e.g., Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), *citing Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 225-26; *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 86 (1957); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). Thus, unless there is a substantial reason to deny leave to amend, the Fifth Circuit has held that the discretion of the district court is not broad enough to permit denial. *Dussouy*, 660 F.2d at 598, *citing Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69, 75 (5th Cir. 1961).

With the foregoing in mind, on November 6, 2008, this Court conducted a status conference in open court with all parties and their counsel to address several issues that required clarification in this case, including the claims of the parties as represented in their pleadings, as well as the requests for relief advanced by each party. At that conference, this Court made clear it would entertain motions to amend the pleadings to give the parties an opportunity to "clean up" and/or clarify their pleadings prior to trial and set a briefing schedule in connection therewith. The Court

emphasized the purpose of the amendments was not for any party to attempt to enlarge its pleadings in any respect, but rather, to permit the parties to clarify their claims and requests for relief prior to trial.

The Unions' motions to amend their pleadings are now before this Court.

### A. The Unions' "Motion for Leave to File Second Amended Supplemental Complaint for Injunctive and Other Relief Under the Railway Labor Act in the Return to Work Suit" [Doc. 315]

In this motion, the Unions seek to amend their complaint in the Return to Work lawsuit. PHI consents to the proposed amendments, except for two aspects of the proposed amendments, which PHI opposes, as follows:

#### 1. RLA Section 2, Third

PHI contends the Unions, in their proposed amendment, set forth more than 100 violations of Section 2, Third of the RLA, which proscribes "interference, influence, or coercion by either party *over the designation of representatives* by the other." 45 U.S.C. § 152, Third (emphasis added). PHI argues as follows:

> At page 6 of their Motion for Leave to File their proposed amended pleading, the Unions state that "[P]aragraphs 41 through 62 have been revised significantly in order...(ii) to specify *why the conduct complained of violates RLA Section [ ]2, Third*...." (emphasis added). Those paragraphs contain frequent allegations of "retaliation" for engaging in allegedly protected activity, of efforts to "undermine" the Unions, and of efforts to "coerce" the pilots "not to remain members and/or supporters of the Unions." (Proposed amendment, ¶ 41, 42, 43, etc.). While these allegations may support claims under Section 2, Fourth of the RLA, they simply do not pertain to the "designation" of the Unions as collective bargaining representatives, which status the Unions achieved in the year 2000.

PHI acknowledges the Unions' allegations with respect to Section 2, Third of the RLA appear in both the original and first supplemental complaints filed by the Unions, and that, technically, the proposed amended allegations do not amount to an "expansion" of the pleadings. Nevertheless, PHI

notes this Court has heretofore expressed consternation as to whether allegations such as the foregoing actually constitute a violation of Section 2, Third of the RLA and observes the Unions have declined to "clean up" their pleadings by deleting such unsupported claims. PHI contends it will be forced to move for leave to seek dismissal of the claims asserted under Section 2, Third, and requests that this Court, instead, approve the amendment of the Unions' complaint, but only on the condition that the Unions and the Individual Pilots withdraw their claims under Section 2, Third of the RLA.

PHI's request is denied. To the extent PHI believes any allegation contained in any pleading filed by the Unions does not state a claim, PHI is required to follow the Federal Rules of Civil Procedure and the procedural rules of this Court in seeking to have such an allegation and/or claim dismissed. This Court will not dismiss an allegation contained in a proposed amended pleading on grounds the allegation fails to state a claim without allowing each party to fully and completely address the matter in briefs and without considering the appropriate legal standard for dismissal of such claims. Consequently, PHI's objection to this aspect of the Unions' proposed amended pleading is OVERRULED.

### 2. The Unions' Claims Regarding Seniority

In Paragraph 30 of their previous complaints, the Unions and Individual Pilots alleged the following with respect to the issue of seniority:

> [S]ince the Unions' November 10, 2006 unconditional offer to return to work, PHI returned individual pilots to work *out of seniority order*.[1]

PHI contends the foregoing allegation connected directly to the Unions' request for

---

[1] See Doc. 194, Amended Verified Supplemental Complaint, etc., filed June 17, 2008, p. 22, ¶ 30) (emphasis added).

preliminary injunctive relief.[2]

PHI contends in their proposed amended complaint, the Unions and Individual Pilots "approach the matter of return-to-work-by-seniority from a completely different perspective," and now seek to allege a totally new theory of liability, as follows:

> Since the Unions' November 10, 2006 unconditional offer to return to work, PHI returned individual pilots to work *without regard to seniority*. Once the Unions made the…offer to return to work[,] *PHI was obligated to return pilots to work based on neutral criteria such as seniority, available aircraft openings, pilot qualifications, pilot currency, government imposed requirements, and medical qualifications.*

PHI contends the foregoing legal theory regarding seniority is a "new" theory of liability and is no mere "clarification" of allegations previously pled. PHI argues the Unions should not be permitted to alter their legal theories and the factual allegations alleged to support their claims two years after the fact and after discovery into such allegations and claims has closed. At a minimum, PHI argues the Unions must be required to state why so fundamental an amendment is necessary, or how, they assert, it merely "clarifies" previously-explicated claims.

After consideration of the proposed pleading and the objection filed by PHI, this Court does not find PHI's argument persuasive given the facts and history of this case. Since the inception of this lawsuit, the Unions have consistently claimed and argued that PHI violated the RLA in refusing to return the striking pilots to work on the basis of seniority recall. Thus, this claim/argument has been before the Court – and known by the parties – for the duration of the lawsuit. Additionally, in rulings issued by this Court and extensive discussions with counsel, this issue has been discussed

---

[2] *See, e.g.* Case No. 2243, Plaintiffs' Motion for Preliminary Injunction, filed November 28, 2006, p. 1, ¶ B ("Order PHI to immediately reinstate…, in bidding seniority order, all pilots who did not return to work prior to …November 10, 2006…;") and *Id.*; Memorandum in Support of…Motion for Preliminary Injunction, p. 18, ¶ E ("PHI's Individual Recall of Pilots Out of Seniority Order…Violates the RLA…").

within the broader context of whether the Unions' employees were returned to work by way of *neutral criteria*. This Court concludes that the Unions' attempt to clarify its pleadings does not prejudice PHI, inasmuch as PHI has known about this argument throughout the lawsuit. Thus, while the Union's *theory of liability* may have broadened, its essential claim has not changed, and the broader theory is not one which is, outside the actual pleadings themselves, new.[3] This Court notes, however, that if true prejudice were to flow as a result of the amendment at this stage of the litigation, the Court would not permit the amendment. However, the factual basis which the Unions now wish to *formally adopt* to support their legal theory has been known to PHI since the inception of the litigation, and this Court concludes PHI will not be prejudiced by the formal amendment in question.

Considering the foregoing, it is ORDERED that PHI's objection to this aspect of the Unions' proposed amended pleading is OVERRULED.

As both of PHI's objections to the Unions' amendment of its Second Amended Supplemental Complaint in the Return to Work lawsuit have been overruled, it is ORDERED that the Unions' "Motion for Leave to File Second Amended Supplemental Complaint for Injunctive and Other Relief Under the Railway Labor Act in the Return to Work Suit" [Doc. 315] is GRANTED, and the Clerk of Court is ORDERED to file the Unions' "Second Amended Supplemental Complaint for Injunctive And Other Relief Under the Railway Labor Act in the Return to Work Suit" into the record.

**B.     The Unions' "Motion for Leave to File an Amended Answer to PHI's Complaint and Unions' Fifth Amended Counterclaim in the Bad Faith Bargaining Suit" [Doc. 316]**

In this motion, the Unions seek to amend their Answer and Fourth Amended Counterclaim

---

[3] This Court notes it is not uncommon for a change in the legal theory upon which a party bases its claim to occur once discovery is conducted in any litigation matter.

in the Bad Faith Bargaining lawsuit, in an effort to clarify their pleadings as suggested by this Court at the status conference conducted with all parties on November 6, 2008. PHI consents to the proposed amendments, except for one aspect. Specifically, PHI objects to the inclusion of proposed Paragraph 39, which PHI alleges contains the "new allegation" that PHI violated section 2, First of the Railway Labor Act ("RLA"), 45 U.S.C. § 152, First,

> when, shortly after the parties' super mediation session ended, PHI refused the Unions' proposal that [,] if PHI would increase its economic offer by an approximate One Million to One Million and a Half-Dollars, the Unions would accept the remainder of PHI's final bargaining proposal.

PHI contends this "new allegation" is itself raised as a "claim," because the Unions later plead that "[e]ach of the individual acts of PHI...*standing alone* and in their totality violate Section 2, First of the [RLA....]." PHI contends neither this "allegation," nor the "claim" it purports to represent, was raised in any of the Unions' previous pleadings and is an attempt on the part of the Unions to enlarge their pleadings after the discovery period has ended. PHI contends it would have conducted discovery regarding this new claim had the claim been pled when discovery was still ongoing.

After review of the proposed pleading and PHI's objection, this Court concludes that to the extent the allegation at issue could be considered a new, stand-alone claim, PHI's objection is well-founded, and the amendment should not be permitted. This Court has repeatedly emphasized neither party will be permitted to create new claims by way of amending their pleadings at this late juncture, given the procedural history of this case and completion of discovery – this Court will not restate the protracted and convoluted procedural history here but adopts the full procedural history of this case in support of the Court's ruling this date – thus, the Unions will not be permitted to state a new bad faith bargaining claim based on the newly-pled facts. However, to the extent the "new" factual

allegation set forth by the Unions in their proposed pleading merely supports the already-existing claim for violations of the RLA, and to the extent this factual allegation is one of which PHI has had notice and would not be overly prejudicial, the Court should allow the amendment.

Considering the foregoing, IT IS ORDERED that the parties have ten (10) days to submit supplemental briefs, no more than five pages each, addressing this distinction. Therefore, this Court DEFERS on this aspect of the Unions' motion.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___7___ day of January, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE