RECEIVED
JAN - 7 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION AND<br>OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is PHI, Inc.'s ("PHI") "Motion to Dismiss Louisiana Law "Payroll-Deduction" Claims Filed by, or on Behalf of, Pilots Who Struck, Returned to Work, and Have Neither Been 'Discharged' Nor 'Resigned' in the "Bad Faith Bargaining Case"[1] [Docs. 303 & 306]. The motion is opposed by the Office of Professional Employees International Union ("OPEIU") and its Local Union 108 ("Local 108"), as well as the individual pilots plaintiffs (the "Individual Pilots") (collectively, "the Unions") [Doc. 308]. For the following reasons, PHI's motion is DENIED IN PART AND DEFERRED IN PART.

### I. Factual and Procedural Background

The facts and procedural background of this matter have been set forth in meticulous detail by the Court in previous rulings and will not be repeated here.

In the instant motion, PHI requests that this Court dismiss two sets of "payroll deduction" claims filed by the Unions and/or certain Individual Pilots pursuant to La. Rev. Stat. §§ 23:631 and 23:623. Specifically, PHI seeks dismissal of:

---

[1] Civil Action No. 06-1469.

      (a)      The claims of 56 individually-named pilot plaintiffs, and

      (b)      The "representative-capacity" claims, brought by the Unions on behalf of an additional 78 PHI pilots.

PHI contends all of the foregoing pilots struck, returned to work after the strike, and have, since their return to work, neither resigned nor been discharged from their employment with PHI.[2] PHI notes this Court has already ruled the Louisiana wage statute does not apply to those pilots who were neither discharged nor resigned, as well as this Court's statements during a status conference in open court on November 6, 2008 that the Court would entertain a properly-filed motion to dismiss the claims of any pilots who went on strike but returned to work and were not actually discharged and who did not resign.

The Unions respond that – pursuant to this Court's position with respect to the application of the Louisiana wage statute – the claims of the pilots identified by PHI would appear to be proper, with five exceptions.[3] The Unions contend the claims of the following pilots should not be dismissed for the following reasons:

1. The claims of three probationary pilots (Terry Cook, Lea Weinkauf, and John Weinman) should not be dismissed, as PHI terminated these pilots during the strike, although the Unions acknowledge these pilots did ultimately return to work.

2. The claims of pilots Charles Gentry and Kenneth Stark should not be dismissed, as these pilots resigned from PHI.

3. The claims of Lanny Teague Sr. should not be included in the group of claims to be dismissed, because Mr. Teague filed a motion to withdraw his claims against PHI,

---

[2] The claims PHI seeks to dismiss are set forth in paragraphs 4 and 5 of Count II of the Unions' and the Individual Pilots' Fourth Amended Counterclaim in the Bad Faith Bargaining Suit (Rec. Doc. 196).

[3] The Unions state in their response that although they understand the Court's position with respect to the Louisiana wage claims, they maintain that all pilots from whom PHI made wage deductions have claims under the Louisiana wage statute. Accordingly, the Unions contend that is the reason they have not amended Count II of their Fourth Amended Counterclaim in the Bad Faith Bargaining lawsuit.

which this Court granted on September 22, 2008;[4] therefore, Mr. Teague's claims have already been dismissed.

## II. Law and Analysis

### A. Motion to Dismiss Standard

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1230 (2008) and 128 S.Ct. 1231 (2008). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombley*, 127 S.Ct. at 1965 (citation and footnote omitted).

### B. Legal Analysis

The Court will address each category of pilots in turn:

#### 1. The claims of Terry Cook, Lea Weinkauf, and John Weinman, who the Unions allege were terminated by PHI

The Unions allege the claims of pilots Terry Cook, Lea Weinkauf, and John Weinman should not be dismissed because PHI terminated these pilots, who were on probationary status, during the strike. The documentation provided by the Unions in support of this allegation is an uncertified copy of a document entitled "Personnel Status Notification," which the Unions allege was provided by PHI during discovery. The document contains a notation stating "Terminate. Not up to PHI

---

[4] The record of this matter shows the claims of Mr. Teague were, indeed, dismissed on September 22, 2008. See Doc. 284.

-3-

standards."[5] The Unions acknowledge in their opposition brief that these pilots eventually did return to work at PHI. No explanation or reason is stated as to why the pilots were allowed to return to work after allegedly having been "discharged."

The Unions' argument is reminiscent of an argument previously advanced by the Unions, that all of the pilots who are alleging improper wage deduction claims pursuant to La. Rev. Stat. 23:631 & 632 are entitled to back wages on grounds PHI "discharged" them during the strike. As all parties acknowledge in their briefing, this Court has rejected that argument in light of the fact that the pilots at issue who were allegedly "discharged" actually returned to work and cannot, therefore, be determined to have been "discharged" for purposes of the Louisiana wage statute. It is not clear to this Court why the claims of Terry Cook, Lea Weinkauf, and John Weinman are different from the claims of all the other pilots that this Court has already addressed. As PHI has filed no reply brief, the issue remains disputed and unclear to this Court.

Considering the foregoing, IT IS ORDERED that the motion to dismiss the claims of Terry Cook, Lea Weinkauf, and John Weinman is DEFERRED pending additional briefing to clarify the issues raised herein. IT IS ORDERED that the parties are to file a supplemental brief clarifying the foregoing issue for this Court no later than January 14, 2009.

### 2. The claims of Charles Gentry and Kenneth Stark, who the Unions allege resigned from PHI

The Unions allege pilots Charles Gentry and Kenneth Stark resigned from PHI and did not

---

[5] See Exhibits 8, 9, & 10 to the Unions' opposition brief. As to the evidence presented, this Court notes the foregoing exhibits are not accompanied by an affidavit or other sworn declaration of a custodian of records attesting to the authenticity of the documents. Nevertheless, the documents are accompanied by the declaration of Shannon A. Rogers, an attorney representing the Unions and the Individual Pilots, who states the exhibits were produced by counsel for PHI in response to a request for production of documents, thus the documents would meet the standards for admissible evidence pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

return to work there. In support of this allegation, the Unions attach two documents entitled "Personnel Status Notification." The first document references the employment of Kenneth Stark, and states "Terminate. Resigned from PHI – due to personal reasons."[6] The second document references the employment of Charles Gentry and states "Terminate. Resigned to accept employment closer to home[.]"[7] The Unions allege both documents, which are uncertified copies, were produced by PHI during discovery and are, therefore, admissible to prove the resignation of the foregoing pilots. PHI has not filed a reply brief disputing the resignation of either pilot.

Considering the foregoing, this Court concludes the Unions have established by sufficient evidence that pilots Charles Gentry and Kenneth Stark did, indeed, resign their positions with PHI and did not return to work at PHI. Therefore, these pilots may have viable claims pursuant to the Louisiana wage statute. Accordingly, it is ORDERED that PHI's motion to dismiss the claims of Charles Gentry and Kenneth Stark is DENIED.

### 3. The claims of Lanny Teague Sr., which the Unions allege have already been dismissed

The record of this matter shows this Court has already dismissed the claims of Lanny Teague, Sr. pursuant to a motion to dismiss filed by Mr. Teague on September 16, 2008 [Doc. 273], which this Court granted on September 22, 2008 [Doc. 284]. Considering the foregoing, IT IS ORDERED that the claims of Lanny Teague, Sr. are not included in the order dismissing the claims of the listed pilots, as Mr. Teague's claims have already been dismissed.

## III. Conclusion

Considering the foregoing, IT IS ORDERED that the instant motion to dismiss is DENIED

---

[6] See Exh. 14, attached to the Unions' opposition brief.

[7] See Exh. 15, attached to the Unions' opposition brief.

IN PART AND DEFERRED IN PART. PHI's motion to dismiss the claims of Charles Gentry and Kenneth Stark is DENIED on grounds the Unions have rebutted the evidence presented by PHI that the claims of these pilots should be dismissed. PHI has presented sufficient evidence to show these pilots resigned their positions with PHI and may, therefore, have viable claims pursuant to the Louisiana wage statute.

IT IS FURTHER ORDERED that the claims of Lanny Teague, Sr. are not included in the order dismissing the claims of the listed pilots, as Mr. Teague's claims have already been dismissed by this Court.

IT IS FURTHER ORDERED that the motion to dismiss the claims of Terry Cook, Lea Weinkauf, and John Weinman is DEFERRED pending additional briefing to clarify the issues raised herein. IT IS ORDERED that the parties are to file a supplemental brief clarifying the issues addressed herein no later than January 14, 2009.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___7___ day of January, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE