RECEIVED
JAN 2 6 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD) <br> 06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION AND OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is PHI, Inc.'s ("PHI") "Motion to Dismiss Louisiana Law "Payroll-Deduction" Claims Filed by, or on Behalf of, Pilots Who Struck, Returned to Work, and Have Neither Been 'Discharged' Nor 'Resigned' in the "Bad Faith Bargaining Case"[1] [Docs. 303 & 306]. The motion is opposed by the Office of Professional Employees International Union ("OPEIU") and its Local Union 108 ("Local 108"), as well as the individual pilots plaintiffs (the "Individual Pilots") (collectively, "the Unions") [Doc. 308].

On January 7, 2009, this Court denied the motion in part and deferred ruling on another aspect of the motion in light of certain issues that required clarification [Doc. 326]. That clarification is now before the Court, which renders its ruling herein.

### I. Motion to Dismiss Standard

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

---

[1] Civil Action No. 06-1469.

(5th Cir. 2007), *cert. denied*, 128 S.Ct. 1230 (2008) and 128 S.Ct. 1231 (2008). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombley*, 127 S.Ct. at 1965 (citation and footnote omitted).

## II. Analysis

In the instant motion, PHI requests that this Court dismiss two sets of "payroll deduction" claims filed by the Unions and/or certain Individual Pilots pursuant to La. Rev. Stat. §§ 23:631 and 23:623. Specifically, PHI seeks dismissal of:

(a) The claims of 56 individually-named pilot plaintiffs, and
(b) The "representative-capacity" claims, brought by the Unions on behalf of an additional 78 PHI pilots.

PHI contends all of the foregoing pilots struck, returned to work after the strike, and have, since their return to work, neither resigned nor been discharged from their employment with PHI and therefore, do not have a payroll deduction claim under the Louisiana statute.[2] The Unions responded that – pursuant to this Court's position with respect to the application of the Louisiana statute – the claims of the pilots identified by PHI would appear to be proper, with certain exceptions. Relevant here are the claims of three probationary pilots (Terry Cook, Lea Weinkauf, and John Weinman). The Unions argued the payroll deduction claims of these pilots should not be dismissed, as PHI terminated these pilots during the strike. However, the Unions acknowledged these pilots did ultimately return to work. This Court stated it was unclear why the claims of the foregoing pilots

---

[2] The claims PHI seeks to dismiss are set forth in paragraphs 4 and 5 of Count II of the Unions' and the Individual Pilots' Fourth Amended Counterclaim in the Bad Faith Bargaining Suit (Rec. Doc. 196).

– who ultimately returned to work – were nevertheless different from all of the other pilots the Unions at one time contended were actually returned to work but maintained wage claims under the Louisiana statute. The Court ordered supplemental briefing to clarify this issue.

In response, the parties filed a Joint Stipulation wherein they state pilots Cook, Weinkauf and Weinman were each terminated by PHI, but PHI subsequently included these pilots in the return to work process, interviewed them, and returned them to employment. The parties state that while PHI's termination of the foregoing pilots technically distinguish these pilots from the other striking pilots who were subject to the return to work process and returned to work by PHI (i.e., the other striking pilots who were not actually terminated by PHI), as a practical matter there is no distinction between the claims of pilots Cook, Weinkauf and Weinman and the claims of other returning pilots the Court has already addressed. Therefore, the Unions and the Individual Pilots agree that, pursuant to the position of the Court set forth in its September 17, 2008 Memorandum Ruling (Doc. No. 277) that pilots who actually returned to work at PHI were not actually discharged, pilots Cook, Weinkauf and Weinman do not have claims under La. Rev. Stat. §§23:631 and 23:623. Therefore, the parties stipulate that Terry Cook, Lea Weinkauf, and John Weinman should be included in the list of pilots whose payroll deduction claims are to be dismissed.

Considering the foregoing, and further considering this Court's previous Memorandum Ruling issued January 7, 2009, IT IS ORDERED that PHI's "Motion to Dismiss Louisiana Law "Payroll-Deduction" Claims Filed by, or on Behalf of, Pilots Who Struck, Returned to Work, and Have Neither Been 'Discharged' Nor 'Resigned' in the "Bad Faith Bargaining Case"[3] [Docs. 303 & 306] is GRANTED IN PART AND DENIED IN PART. Pursuant to this Ruling, the payroll

---

[3] Civil Action No. 06-1469.

deduction claims of the following pilots are DISMISSED WITH PREJUDICE:

    (a)    The claims of 56 individually-named pilot plaintiffs, and
    (b)    The "representative-capacity" claims, brought by the Unions on behalf of an additional 78 PHI pilots.[4]

The payroll-deduction claims dismissed herein include the claims of pilots Terry Cook, Lea Weinkauf, and John Weinman.[5]

THUS DONE AND SIGNED in Lafayette, Louisiana, this 26 day of January, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4] These claims are set forth in Paragraphs 4 and 5 of Count II of the Unions' and the Individual Pilots' Fourth Amended Counterclaim in the Bad Faith bargaining Suit (Rec. Doc. 196).

[5] This Court has already denied that portion of the motion seeking dismissal of the claims of Charles Gentry and Kenneth Stark on grounds the Unions presented sufficient evidence to show these pilots resigned their positions with PHI and may, therefore, have viable claims pursuant to the Louisiana wage statute. This Court also previously denied as moot that portion of the motion seeking dismissal of the claims of Lanny Teague, Sr., as the claims alleged by Mr. Teague against PHI have already been dismissed by this Court.

-4-