RECEIVED
JAN 2 7 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD) <br> 06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION AND OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Unions' "Motion for Leave to File an Amended Answer to PHI's Complaint and Unions' Fifth Amended Counterclaim in the Bad Faith Bargaining Suit" [Doc. 316]. PHI originally opposed the motion in light of its objection to Paragraph 39 as set forth in the Unions' Proposed Amended Answer. Specifically, PHI objected to the inclusion of proposed Paragraph 39, which PHI alleges contains a "new allegation" that PHI violated section 2, First of the Railway Labor Act ("RLA"), 45 U.S.C. § 152, First,

> when, shortly after the parties' super mediation session ended, PHI refused the Unions' proposal that [,] if PHI would increase its economic offer by an approximate One Million to One Million and a Half-Dollars, the Unions would accept the remainder of PHI's final bargaining proposal.

PHI contended this "new allegation" is itself raised as a "claim," because the Unions later plead that "[e]ach of the individual acts of PHI...*standing alone* and in their totality violate Section 2, First of the [RLA....]." PHI contended neither this "allegation," nor the "claim" it purports to represent, was raised in any of the Unions' previous pleadings and is an attempt on the part of the Unions to enlarge their pleadings after the discovery period has ended.

After review of the proposed pleading and PHI's objection, this Court concluded that to the

extent the allegation at issue could be considered a new, stand-alone claim, PHI's objection was well-founded, and the amendment would not be permitted. However, the court further stated to the extent the "new" factual allegation set forth by the Unions in their proposed pleading merely supports an already-existing claim for violations of the RLA, and to the extent this factual allegation is one of which PHI has had notice and would not be overly prejudicial, the Court would allow the amendment. The Court ordered supplemental briefing to clarify the issue.

In response, the parties filed a Joint Supplemental Brief and Stipulation [Doc. 332], wherein the Unions have agreed to revise Paragraph 47 of their proposed Fifth Amended Counterclaim by deleting the language stating that "[e]ach of the individual acts of PHI set forth in paragraphs 1 through 46 above standing alone and in their totality violate...", which appeared to give rise to a "new" claim. The Unions have also revised Paragraph 47 to read as follows:

> The acts of PHI set forth in paragraphs 1 through 46 above violate Section 2, First of the Railway Labor Act, 45 U.S.C. § 152, First, because they constitute PHI's failure to exert every reasonable effort to make an agreement concerning rates of pay, rules and working conditions applicable to the pilots represented by the Unions.[1]

PHI states it has no objection to this revised language, and, if included in the proposed Fifth Amended Counterclaim, PHI would have no objection to Paragraph 39. Therefore, PHI withdraws it previous objection.

Considering the foregoing,

IT IS ORDERED that the Unions' "Motion For Leave To File An Answer To PHI's First Amended Complaint and Unions' Fifth Amended Counterclaim in The Bad Faith Bargaining Suit"

---

[1] A copy of the Unions' proposed Answer to PHI's First Amended Complaint and Unions' Fifth Amended Counterclaim in Bad Faith Bargaining Suit is attached as Attachment 1 to the instant Joint Supplemental Brief and Stipulation. The parties request that this attachment be substituted for the previously-submitted Answer.

is GRANTED.[2] It is ORDERED that the Clerk of Court file the Unions' Answer To PHI's First Amended Complaint and Unions' Fifth Amended Counterclaim in The Bad Faith Bargaining Suit into the record.[3]

THUS DONE AND SIGNED in Lafayette, Louisiana, this _27_ day of January, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] As the parties note in their Stipulation, since the filing of the original motion for leave to amend answer, PHI has been permitted to file a first amended complaint in the bad faith bargaining suit, and this Court's ruling this date permits the Unions to file their answer to this amended complaint rather than the now-obselete original complaint.

[3] The Clerk is directed to file the "Unions' Amended Answer To PHI's First Amended Complaint and Unions' Fifth Amended Counterclaim in The Bad Faith Bargaining Suit" that is attached as Attachment 1 to the Joint Stipulation submitted by the parties [Doc. 332], rather than the copy of the Answer that was submitted with the original motion for leave to file the Answer.