RECEIVED
IN LAFAYETTE, LA.

APR 0 9 2009

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>06-2243 (MEMBER)<br>08-0762 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION AND<br>OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the March 12, 2009 letter from counsel for PHI, Inc., Mr. Hal Broussard, to Magistrate Judge C. Michael Hill, in which Mr. Broussard requests a conference with the magistrate judge to discuss what the Court and the parties have dubbed the "Louisiana Wage Deduction Claims," and, specifically, the proposed filing of nine dispositive motions by PHI with respect to the Louisiana Wage Deduction Claims, along with other issues related to those motions. This Court previously referred the Louisiana Wage Deduction Claims to the magistrate judge for trial purposes on a report-and-recommendation basis. The Unions responded to the letter, taking the position that there should be no additional motion practice with respect to those claims, and that the referral to the magistrate judge by this Court anticipated, solely, a factual determination by the magistrate judge of what wages, if any, are due to the various PHI pilots on those claims.[1]

After review of the letters, the magistrate judge issued a Minute Entry wherein he stated his understanding that the referral of the Louisiana Wage Deduction Claims was solely for the purpose

---

[1] The pilots urge their Louisiana Wage Deduction Claims pursuant to La. Rev. Stat. §23:631 and seek attorneys' fees pursuant to La. Rev. Stat. §23:632.

of determining the application of the facts to the law as already interpreted by this Court, and that all defenses had been disposed of by Judge Doherty on various dispositive motions which had been filed by the parties.[2] In light of this understanding, the magistrate judge ordered pocket briefs on the issue of whether additional motion practice should be allowed to PHI on the wage deduction claims. As the briefs filed address the same issues inherent in a motion for leave and as they reference the transcript of a hearing before *this* Court, *this* Court will determine whether the motion practice requested by PHI will be permitted. That issue is now before this Court, and PHI's request is DENIED, for the following reasons.

**Law and Analysis**

"When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 -550 (5th Cir. 2000), *citing Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir.1986). The Fifth Circuit has also noted it affords "district courts a great deal of deference in determining whether to modify scheduling orders . . ." *See Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008).

In the instant case, the dispositive motion deadline lapsed on **July 17, 2008.** That deadline was the deadline in effect when the case was set for trial on November 3, 2008. On September 25, 2008, during a lengthy telephone status conference with all counsel, PHI orally moved this Court to continue the November 3, 2008 trial date due to Hurricanes Gustav and Ike, a motion the Unions did

---

[2] *See* Doc. 354.

not oppose. This Court granted the motion to continue; given the age of the case, the number of dispositive motions that had already been filed, and as the discovery deadline had long passed, this Court specifically stated **the dispositive motion deadline** in this case *would not be altered*, and ordered the following:

> It was ORDERED that all pre-trial deadlines not keying off of the trial or pre-trial conference dates remain the same, **including the dispositive motion deadline.** *Thus, the parties will not be permitted to file any additional dispositive motions. Notwithstanding the foregoing, to the extent that a dispositive motion would narrow the issues to be tried by this Court or clarify the pleadings, a party may file a motion for leave to file a dispositive motion, which opposing counsel will be permitted to oppose. The parties were cautioned not to attempt to convert motions for leave to file dispositive motions into actual substantive, dispositive motions.*[3] (all emphasis added)

Thus, when the case was re-set for trial on June 29, 2009, the dispositive motion deadline had lapsed and the Court declined to set a *new dispositive motion deadline*,[4] and to date, no

---

[3] *See* Minutes of September 25, 2008 Telephone Conference, dated September 29, 2008, Doc. 286 (all emphasis added).

[4] PHI's assertion on page 3 of its pocket brief that "[a]lthough she never set a specific date for the filing of dispositive motions, Judge Doherty discussed at pages 172-713 of the hearing transcript that there would be a new dispositive motion cutoff, despite the fact that the earlier cutoff date had elapsed prior to the resetting of trial" is incorrect. The entire colloquy located in that portion of the transcript is as follows:

MR. BROUSSARD: Well, there are a couple of things that I would like to bring up, Judge.

[. . . .]

MR. BROUSSARD: You know me, Judge, it would be helpful like, you know, other than the Louisiana law motion, I understand on that one. Other than that one, you've suggested that they would have the opportunity to clean up their pleadings and that if not, we could file motions.

THE COURT: Slow down.

MR. BROUSSARD: That they would have the opportunity to clean up their pleadings, and if not, we could file motions. It would be helpful to have some time line.

THE COURT: That's my next point.

MR. BROUSSARD: Okay, good. Secondly, Judge, I want to point out something we noticed after the run of the continuance of the trial and the reissuance of the scheduling order. You had previously indicated to us that your intention was to have a deadline by which motions in limine

party has filed a motion for leave to file a dispositive motion.

---

> were to be filed, then oppositions would be filed, and that you would rule on those at the time of the pretrial conference. I only point this out because I don't know if it comes as a result of the automatic scheduling in the Court's procedure, the motion in limine deadline was set as May 21st. So if people filed on that date and then oppositions came after that, you would have a pretty short period of time to read all those briefs and be ready to rule on them at the pretrial conference. And I don't know what harm there would be. I was just suggesting you might want to move that motion in limine deadline more towards the end of April rather than May 21st to give you more time once the oppositions come in.
>
> [ . . . ]
>
> THE COURT: . . . As to the motion in limine, how about if we go ahead, Chris, at this time, amend the scheduling order, and motions in limine are due at the same date as your dispositive motion cutoff, and the responses would be the same, because we already know what they are going to be. So under the scheduling order, the motions in limine would be due the date of the dispositive motion cutoff and the responses would be the same. Ms. Spencer, you just look like that gives you -- like you sucked a very tart lemon.
>
> **MS. RICHARD-SPENCER: Your Honor, the dispositive motion deadline has expired.**
>
> **MR. BROUSSARD: Yeah, you did not renew that.**
>
> **MS. RICHARD-SPENCER: You didn't extend that.**
>
> **THE COURT: Oh, that's right, I didn't in this one. When would it be ordinarily, Chris, do we know? When is the pretrial? When is the pretrial, does anybody know?**
>
> MR. BROUSSARD: It's mid-June, sometime in mid-June.
>
> [ . . . ]
>
> THE CLERK: Okay. The pretrial is June 4th.
>
> THE COURT: All right. Your pretrial is June 4th. We're going to need -- June 4th, we're going to need it by no later – Cathleen, this isn't on the record. Rest your fingers.(Off-the-record discussion.)
>
> THE COURT: Cathleen, back on the record. Thank you. Chris, **we will amend the scheduling order where *motions in limine* will be due March 31st.** Responses are due 10 days thereafter, okay, 10 days thereafter. And so the motions in limine will be to the Court on then. We'll have them by the 10th of April. And Stacey, we have a June pretrial. We ought to be able to get to that hopefully. All right. Any other quirks that came out in the new scheduling order of which I'm not aware? Okay. Now let's talk about the deadline for the Unions to file your new outline. . .

*See* Transcript of November 6, 2008 Hearing, pp. 171-74 (emphasis added).

As is clear from the foregoing colloquy, it was clear to counsel at the November 6, 2008 hearing that *the dispositive motion deadline had not been extended,* and once the Court was reminded of that fact at the hearing, *the Court did not alter or amend that order*. Therefore, PHI's suggestion that the Court "discussed . . . that there would be a new dispositive motion cutoff" is perplexing given the foregoing dialogue.

-4-

Additionally, on November 6, 2008, this Court conducted a full hearing in open court with all counsel, at which time this Court discussed the referral of the Louisiana Wage Deduction Claims to the magistrate judge for disposition on a report-and-recommendation basis. At that time, what this Court stated clearly evidenced this Court's intention as to the nature of the matters being referred to the magistrate judge, to wit:

> **Ask [the magistrate judge] for an R & R on that, okay,** *because it's strictly a matter pretty much of going through what was owed and what wasn't owed and whether he drove 600 miles or he didn't.*[5]

However, this does not end the inquiry. Given the tortured and convoluted procedural history of this case – responsibility for which rests at the feet of *both* parties – confusion and misunderstanding abounds with respect to even the simplest of directives of this Court. Thus, to the extent there is genuine confusion with respect to this Court's intent concerning the Louisiana Wage Deduction Claims, and referral of these claims to the magistrate judge, this Court will once again, attempt to clarify what it intended.

Citing specific lines from the November 6, 2008 transcript, PHI argues the Court "specifically envisioned the parties' ability to file dispositive motions" on the issue of the Louisiana Wage Deduction Claims, noting the following three areas of discussion in particular:

- Regarding the Unions' claim that "PHI's failure to pay the pilots the full amounts due to the pilots is arbitrary and not in good faith[,]" this Court stated "I have not, quite frankly, looked at the Louisiana statute to see if that makes a difference. Does that grant you treble damages, does that grant you attorney's fees? I don't think it does. Otherwise I don't think it matters, but maybe it does. But if so, it needs to be pointed out to the Court." (Tr. 141, line 24 – Tr. 142, line 5, [Dkt. No. 301]).

- Regarding attorney's fees, "it's going to be limited only to those workers who did not return and only to those amounts that were not paid, if in fact [PHI] failed or refused to comply with the provisions. And I will be interested in the jurisprudence to see if

---

[5] *See* Transcript of November 6, 2009 Hearing, p. 198, ll. 8-21 (emphasis added).

-5-

> that is required, a bad faith failure to comply, or whether it could be an inadvertent failure." (Tr. 148, lines 13-19, [Dkt. No. 301]).

- "Then if, in fact, it was not paid and it was owed and the procedural requirements of the statute were met, i.e., three days after demand, et cetera, depending upon how the jurisprudence interprets their failure to pay, does it require bad faith, does it not, I don't know." (Tr. 149, line 24 – Tr. 150, line 3, [Dkt No. 301]).

The Unions dispute PHI's characterization of the scope of the referral of the wage deduction claims to the magistrate judge, contending this Court intended that the magistrate judge would determine factual issues only, and that any motions addressing legal issues had to be filed before *this* Court no later than November 27, 2008. The Unions also argue PHI has not filed a motion for leave to file any of its nine proposed dispositive motions, a requirement imposed by this Court at the September 25, 2008 telephone status conference. As has been historically the case, each side overstates its argument. The Court, as the Unions argue, **did not extend the dispositive motion deadline**, however **the Court did**, as PHI argues, **contemplate the filing of motions *for leave to file* dispositive motions that would clarify or narrow any issues**. However, any such filing of a motion for leave to file would necessitate the opportunity for response by opposing counsel and a determination by this Court as to whether leave should be granted.

In an attempt to fully clarify, this court now turns its attention to the three specific areas of transcript references cited by PHI. This Court notes the first and third paragraphs address the issue of the good or bad faith of PHI in allegedly withholding the pilots' wages. The second paragraph addresses attorneys' fees. With respect to attorney's fees, this Court clearly stated it would refer the issue of attorneys' fees to the magistrate judge on a report-and-recommendation basis when ripe.[6] However, as a practical matter, this Court, again, notes the issue of attorneys' fees cannot be decided

---

[6] *See* Transcript of November 6, 2008 Hearing, p. 151, ll. 305.

until *after* the trial of the wage deduction claims. La. Rev. Stat. 23:632 states:

> Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, *in the event a well-founded suit for any unpaid wages* whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

LSA-R.S. 23:632 (emphasis added). Therefore, for attorneys' fees to be available, the suit must be well-founded, *i.e.*, successful. Ergo, it does not appear motions for summary judgment on the issue of attorneys' fees would be appropriate *prior* to trial on the merits of the wage deduction claims and as there has been no determination on the merits of those claims, thus, no determination of attorneys fees is ripe for determination. Therefore, PHI's argument that this Court contemplated **additional motion practice** based upon its colloquy regarding attorneys' fees is misplaced and not supported by the language of the statute itself.

With respect to the first and second paragraphs, which address the good or bad faith of PHI in allegedly withholding pilots' wages, the entire context of this Court's statements is relevant therefore:

> As to any claims under the Louisiana Revised Statute, **once it gets cleaned up**, it seems to me that **we will be looking at a very simple and narrow set of questions**. As to those pilots or employees who did not return to work, were amounts owed them not paid, all right? That becomes the question of was the amount owed, i.e., did the equipment given to them, was it returned, et cetera. *That is simply a matter of going through, wading through the evidence and seeing what happened.*
>
> Then if, in fact, it was not paid and it was owed and the procedural requirements of the statute were met, i.e., three days after demand, et cetera, depending upon how the jurisprudence interprets their failure to pay, does it require bad faith, does it not, I don't know.
>
> Then you have the concept of liquidated damages. That's a rather simple matter. It lays out what it is. 90 days worth versus the amount of the time that they didn't pay it or tender to be made. That's simply done.

And attorney's fees which legally is a simple matter. As a practical matter, I assume and suggest will be a nightmare. Trying to pull out the amount of attorney's fees that would go towards only these few pilots and the amount that they did not get and what was used in order to pursue that claim and that claim alone, I think, will likely be a nightmare.

**So it would seem to me that this aspect of this matter is something that is probably ripe for settlement as between the two parties in a normal case. I do not expect that to happen in this case regrettably. So likely what's going to happen is that I'll pull it out** *at some point in time,* **refer it down to the magistrate judge, let him wade through it, make a recommendation, a report and recommendation as to the few that are left, whether it was paid,** *whether it wasn't paid, et cetera.*

**Now, to the extent that the evidence as to whether they -- what was owed, whether it was paid or not paid, was owed or was not, will overlap** *with what happens at trial on the "bad faith" suit and the "return to work" suit, then I might not refer that portion down to the magistrate judge. I will go ahead and wade through it with all the rest of the bad faith arguments, if we end up there.* **But I can pretty well assure you I will send the attorney's fees issue down to the magistrate judge for determination because I always send those down.**[7]

The Court went on:

| | |
|---|---|
| THE COURT: | Now one other thing before we get off. Do you wish to go ahead and pull off, *after the filing of the motion by PHI asking this Court to enforce the ruling as to the Louisiana statute,* **do you want to go ahead and pull it off since you already have all of your evidence and sever it and let the magistrate judge go ahead and deal with that**, and let's get that one out of the way. **And you preserve your right to appeal the interpretation, legal interpretation of the statute**, and we can get all this away, and you don't have to worry about it in June. It would seem to me, if I were you, a practicing attorney, litigator, **I'd want to get this as clean as possible.** |
| MR. BROUSSARD: | **You're not talking about our motion to dismiss. You are talking about remain claims to go to the magistrate. We're fine with that, Judge.** |
| THE COURT: | Yeah. |

---

[7] *Id.* at pp. 149-51.

-8-

MR. SCHWARZWALD: We would agree with that, Your Honor.

THE COURT: **Okay. So *once you get that motion for leave to file that motion filed and I agree and you file that motion AND WE GET IT CLEANED UP*, and we have the remaining portion of it, the guys and gals that did not return to work, *then* I will contact Magistrate Judge Hill.** I assume it would be Hill or Methvin. Hill has been handling all this, so it would be Hill, Magistrate Judge Hill, and tell him that the parties have agreed -- now do you wish to agree to let him actually litigate it by consent, and it can just go straight up to him -- I mean, from him to the Fifth Circuit, or do you want an R & R on it, or would you like to cogitate on that?

MR. BROUSSARD: R & R.

THE COURT: **R & R. All right. Ask him for an R & R on that, okay,** *because it's strictly a matter pretty much of going through what was owed and what wasn't owed and whether he drove 600 miles or he didn't.*

MS. RICHARD-SPENCER: Well, Your Honor, I think if they are asking for an R & R, it is irrelevant what our position would be because they have a right to that.

THE COURT: Yes, yes, yes. If anybody asks for an R & R and doesn't consent, that's that.

MR. BROUSSARD: I would like to be lazy if I can be.

THE COURT: Not at the moment. I have worked too hard to let you be lazy for the moment.

MR. BROUSSARD: Let me just point, it would be less for you to read.

THE COURT: **Now that's better, but let me finish this part. So when do you want me --** *once I get that,* **I'm going to send it down to Magistrate Judge Hill. All right. Now, if you want to just wait and put your motion to dismiss, based upon the prior ruling of the Court, before Magistrate Judge Hill, you can, but you run a risk there because he's not the one who filed that originally.**

-9-

> MR. BROUSSARD: That's what I said. **We want that one before you.** We're only talking about the ones that survived that motion that we agree go to him.
>
> THE COURT: All right.[8]

This Court notes the tortured procedural history and extended dialogue could, perhaps, have created some confusion as to what would be referred to the magistrate judge in connection with the Louisiana Wage Deduction Claims. **There is, however, no doubt nor basis for confusion as to whether the dispositive motion deadline was being extended.** Indeed, **there is no confusion** in the record regarding the fact **the dispositive motion deadline remained in place**, and "to the extent that a dispositive motion would narrow the issues to be tried by this Court or clarify the pleadings, a party may file **a motion for leave to file a dispositive, which opposing counsel will be permitted to oppose.** The parties were cautioned not to attempt to convert motions for leave to file dispositive motions into actual substantive, dispositive motions." *See also* fn 3 and 4, *supra*.

Consequently, there is no confusion but that **the dispositive motion deadline remained and remains in place, and any deviation from that order would require the parties to file a <u>motion for leave to file *any* dispositive motions</u>**. Consequently, even if this Court were to agree with PHI's interpretation, which it does not, at best, PHI would have had open to it only the possibility of filing motions for leave to file dispositive motions, to which opposing counsel could reply, and the magistrate judge would have made the determination as to whether leave should be granted. Indeed, there is no basis in the record to argue that, by referring the Louisiana Wage Deduction Claim to the magistrate judge, the Court was extending the dispositive motion deadline, enlarging the period for the filing of dispositive motions, or suspending the parties' obligation to file a motion for leave to

---

[8] *Id.* at pp. 184-86 (emphasis added).

-10-

file a dispositive motion. This Court's detailed and exhaustive review **of the entire November 6, 2008 transcript** has uncovered no evidence that the Court intended to effect any of the foregoing consequences.[9]

This Court further notes, the portion of the transcript cited above refutes any such argument to the contrary, for where the Court actually discussed the filing of an additional dispositive motion, the discussed motion to dismiss by PHI, the Court *expressly stated PHI must file a motion for leave to file the motion to dismiss.* Therefore, *PHI was never relieved of its obligation to file a motion for leave to file ANY dispositive motion.* To the extent it might have been unclear *which judge* – the magistrate judge or this Court – would actually *rule* on a motion for leave to file a dispositive motion – this Court clarifies, to the extent any such motions for leave were to be filed, it was and is expected this Court, who has full institutional knowledge of the previous rulings of this Court, would and will address and rule upon any such motions.

PHI and the Unions have, by virtue of the order of the magistrate judge, now filed pocket briefs addressing the issues inherent in the filing of additional motions on the Louisiana Wage Deduction Claims by PHI. This Court therefore, has the benefit of the parties' arguments on that issue, and after consideration of those arguments and this Court's review of the record in this matter, *as well as this Court's intention at the time of the November 6, 2009 hearing*, this Court finds it agrees with the position taken by the Unions. It was not the intention of this Court that the referral

---

[9] The only instance in which this Court dispensed with the need to file a motion for leave was in connection with the parties' filing of pocket briefs to address discreet areas of the law where the parties disagreed with *this* Court's interpretation of the law as set forth at the November 6, 2008 open court hearing. Those pocket briefs were to be filed before the parties amended their pleadings, the deadlines for which have already run, and were to be directed to the attention of *this* Court and not to the attention of the magistrate judge. *See* Transcript of November 6, 2009 Hearing, pgs. 179-85. After the Court discussed these pocket briefs on the record, the Court discussed the *motion for leave to file* the discussed motion to dismiss, therefore, there should have been no confusion on the part of counsel that *a motion for leave to file* a dispositive motion was a required procedural step as the dispositive motion deadline had long since passed.

-11-

of the Louisiana Wage Deduction Claims to the magistrate judge would signal a new round of dispositive motions and the re-litigation of legal issues – many of which have already been argued to this Court and ruled on by this Court. Furthermore, the dispositive motion deadline remained in place, thus any desire to file any dispositive motion beyond that deadline would necessitate the filing of a motion for leave, response by opposing counsel and determination by this Court as to whether leave would be granted. Therefore, as this Court has had benefit of the briefs submitted to the magistrate judge which address those issues which would be contained within a motion for leave to file, this Court concludes *even if* PHI had or were to file a formal motion for leave, this Court would and would have denied such motion for leave, for the foregoing reasons:

- To the extent PHI proposes to re-litigate issues that have already been raised in previous filings and ruled on by this Court at least once and in some cases, twice,[10] including issues related to the alleged good-faith/bad-faith conduct of PHI in withholding wages, this Court has already held there are genuine issues of material fact regarding PHI's good faith/bad faith, and PHI would not be permitted to file new summary judgment motions raising those issues at this stage of the litigation. Thus, to the extent PHI now proposes to file two separate summary judgment motions on: (1) the Louisiana statute not applying to claims where a collective bargaining agreement ("CBA") provides otherwise, and (2) claims of pilots who never returned PHI equipment for which deductions were made, where those motions necessarily overlap with issues related to PHI's good faith/bad faith, this Court would not permit PHI to file those motions at this time.

- To the extent PHI proposes to file a motion for summary judgment on the claims of all pilots who have neither resigned nor been terminated from PHI's employ, this Court would conclude PHI has already filed a motion to dismiss on this exact issue, and the Court granted PHI's motion as to those pilots who were neither discharged nor resigned. See Doc. No. 303, 305, 306, and 336. Therefore, PHI would not be permitted to file another motion on this same subject matter.

- To the extent PHI proposes to file a motion to dismiss the claims of all pilots who did not comply with the Court's discovery orders, it appears PHI has already filed a

---

[10] This Court specifically held in its Memorandum Ruling dated September 17, 2008 that "there remain genuine issues of material fact regarding whether the amounts withheld from the paycheck of any pilot were withheld in good faith." *See* Doc. 277 at p. 22.

Notice of Non-Compliance With Court Discovery/Dismissal Order regarding seventeen pilots who did not comply with discovery and requested that their claims be dismissed, and that such Notice is pending before the magistrate judge, Doc. No. 272, who has not yet ruled on the issue. Therefore, this Court would find PHI's proposed summary judgment motion regarding pilots who did not reply to discovery would unnecessarily duplicate a previous filing.

- To the extent PHI proposes to file a motion to dismiss for lack of standing to pursue the claims of pilots not joined as parties, this matter appears to be beyond the scope of the matters referred to the magistrate judge and this Court would find any proposed dispositive motion addressing that issue would not appear to be appropriately addressed to the magistrate judge.

- To the extent PHI proposes to raise specific issues that have never been raised over two and a half years of litigation – including the defense that some pilots did not live or work in Louisiana; claims that were reimbursed before the pilot resigned or was terminated; and claims that deductions were reimbursed before the next regular pay day – this Court would note those facts appear to be facts that should have been raised in PHI's previous summary judgment motion. This Court set a deadline of November 27, 2008 for motions to be filed with respect to the Louisiana Wage Deduction Claims. To the extent the facts as set forth in this paragraph are not new, this Court would find these facts/defenses should have been raised by the November 27, 2008 deadline. Therefore, this Court would not permit these new defenses to be raised at this late date.

After consideration of the foregoing, this Court hearkens back to the standard to be employed when considering whether to alter or modify a scheduling order deadline. This Court notes this case has been pending for almost three years. The first dispositive motion deadline was extended, and the second dispositive motion deadline has long since passed; trial is scheduled for June 29, 2009, with the pre-trial scheduled for June 4, 2009 at 10:00 a.m. This case possesses an impressive and extensive motion practice, initiated and hard-fought by both sides, resulting in numerous and extensive rulings by this Court. Were the Court now to grant a motion for leave to file additional dispositive motions at this late juncture of the litigation, a trial continuance *would be required* for the Court to undertake a meaningful review of PHI's proposed dispositive motions which this Court

notes are already the subject of *three* separate rulings by this Court.[11] Given the extensive procedural history of this case, and the manner in which the motion practice has been conducted, this Court is well aware of the extensive briefing that would be involved with the filing of an additional nine dispositive motions. The current trial date is a scarce twelve weeks away; the pre-trial conference only 9 weeks away. Given the impending trial and pre-trial conference dates, there cannot be a meaningful review of additional dispositive motions, nor did this Court intend for this Court's scheduling order to be rendered irrelevant by the referral of the application of the already-interpreted Louisiana Wage Statute to the applicable facts, by the magistrate judge. As the Fifth Circuit has stated, "[w]hen the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 -550 (5th Cir. 2000).

Therefore, after consideration of the foregoing, and with full appreciation of the posture of the case, this Court concludes PHI's dispositive motions are DENIED for failure to file the necessary motions for leave to file, and this Court further notes after full review of the pocket briefs and arguments made by both parties, were such motions for leave to be filed, such leave to file likely would not be granted.

To the extent the question of PHI's good or bad faith might, in any way or in part, underlie the Louisiana Wage Deduction Claims or overlap with those claims, this Court will, on the merits

---

[11] This Court has addressed the legal interpretation and application of the Louisiana Wage Deduction Claims **in three separate rulings**. *See* Memorandum Rulings and Orders, Docs. 141 & 142; Docs. 277 & 278; and Docs. 326, 327, 336, & 337.

of the primary claim, make the determination of good or bad faith as to each party. Therefore, IT IS ORDERED that the referral of the Louisiana Wage Deduction Claims to the magistrate judge is hereby WITHDRAWN, and those claims are hereby SEVERED AND DEFERRED until after the trial on the merits of the underlying, primary demands of the parties and until after this Court has ruled upon the good or bad faith of each party within all relevant dealings.

The parties are on notice however, that after completion of the trial on the merits of the primary claims and this Court's determination of the good faith/bad faith issues, this Court will refer the Louisiana Wage Deduction Claims to the magistrate judge for the limited purpose[s] of determining "what was owed and what wasn't owed and whether he drove 600 miles or he didn't," that is, the matter to be referred to the magistrate judge will be a *factual determination only* and no legal interpretation of the statute will be required of the magistrate judge, those issues having been determined by this Court in the motion practice already completed.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___9___ day of April 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 4/9/09
BY: MS
TO: RFD
CJ

-15-