RECEIVED

MAY - 8 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION AND<br>OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Pending before this Court is the "Motion for Reconsideration/Request for Clarification of Memorandum Ruling Relative to Louisiana Wage Claim" [Doc. 371] filed by PHI, Inc. In the motion, PHI seeks reconsideration and/or clarification of the Memorandum Ruling issued by this Court in connection with the Louisiana Wage Deduction Claims [Doc. 369]. The motion is opposed by the Unions [Doc. 375]. For the following reasons, this Court provides the requested clarification. However, PHI's motion for reconsideration is DENIED as moot.

The extreme positions and interpretations taken by each side in this particular litigation are regrettable in and of themselves, but more relevant to the issue at hand, have bred distrust, perhaps justifiably, on both sides as to what strained reading or interpretation one or the other side might give to any statement, determination, or ruling whether by the Court or either party. Consequently, this Court will clarify its prior ruling in the following particulars.

1. All legal determinations that have been made by this Court in previous rulings will not be revisited by this Court without good cause shown, and at this juncture, this Court cannot anticipate a situation where good cause would exist but, of course, cannot

anticipate all possible legal or factual scenarios that might arise.

2. The dispositive motion deadline has been modified, adjusted, refined and expanded throughout this litigation. At this point, it has now expired. Consequently, no new dispositive motions may be filed with this Court without leave of Court having been granted upon a showing of good cause.

3. This Court had made multiple legal determinations as to the Louisiana Wage Deduction claim and those rulings shall govern those claims. This Court, thereafter, had referred determination of the Louisiana Wage Deduction claims for determination by the magistrate judge upon request and agreement of all parties. The referenced referral to the magistrate judge is WITHDRAWN; the Louisiana Wage Deduction claims are SEVERED from the primary demands; adjudication of the Louisiana Wage Deduction claims is DEFERRED until after trial on the main demand has been completed. Whether, after trial on the main demand, this Court, at that time, chooses to refer the Louisiana Wage Deduction claims to the magistrate judge is a matter that will be determined by this Court at that time.

4. When adjudication on the Louisiana Wage Deduction claims is had, whether by the magistrate judge or this Court, the matter will be adjudicated as, and in the nature of, any other legal matter. All legal determinations made by this Court by way of the motion practice will govern. Any remaining legal issues, not having already been brought before this Court by way of motion and which would be otherwise appropriately presented to

the Court, may be presented to the Court during adjudication of the merits.[1]

5. *As in any case,* the fact that a party might not, for whatever reason, have raised legal argument by motion prior to trial does not, necessarily, preclude that party from making any otherwise appropriate argument regarding an issue before the Court.[2]

6. *As is always the case,* the plaintiff, here the Unions, bear the burden of proving their legal right to the recovery requested and must submit evidence to prove up each element of their claim and remedy sought. The Court's prior ruling in no way alters that legal burden nor shifts the burden of proof from the plaintiff, here the Unions, to PHI. The Unions retain their burden as plaintiffs to prove up each and every element and to submit the evidence to support those elements in order to prove recovery, pursuant to the applicable statute.

7. *As in any case,* if the defendant, here PHI, has defenses which are available and otherwise appropriate, they may raise whatever defenses they deem appropriate.[3]

However, to the extent any legal argument or defense *was the subject of a prior ruling of this Court, this Court will not revisit that prior ruling* without good cause shown, and at this juncture this Court cannot envision good cause to revisit the extensive, and at time redundant, motion practice generating multiple rulings of this Court as to the Louisiana Wage Deduction claims.

---

[1] The Louisiana Wage Deduction claims are a part of the consolidated demand and thus subject to the Court's scheduling order as well as the local rules. *See e.g., 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1288 (5th Cir. 1991) (district courts are given broad discretion in determining whether to exclude expert testimony when a party has failed to designate such witnesses in accordance with pretrial orders), and other related jurisprudence.

[2] See fn 1.

[3] Of course, any affirmative defenses that should or must have been raised at an earlier time pursuant to the Federal Rules of Civil Procedure or the local rules, could be objectionable on that basis, but, not on the basis of this Court's prior ruling.

Additionally, and in an effort to fully clarify, this Court notes that the Court's ruling which is in question, *dealt specifically with the motions that were referenced* and requested by PHI in the correspondence to the magistrate judge. To the extent a legal issue has been ruled upon by this Court, the mere fact that the matter was being referred to the magistrate judge did not, nor would it, if again referred to the magistrate judge, invite reconsideration of any legal determinations already made by this Court. Nor did, nor would, such referral relieve either party from application of the Court's scheduling order and in particular the dispositive motion deadline. PHI referenced possible motions or subject for motions in its correspondence to the magistrate judge, PHI did not file the necessary motion for leave to file an additional motion[s] beyond the dispositive motion deadline, consequently PHI's referenced *motions*, to the extent they were contemplated, would have been denied for that reason. Additionally, in an attempt to clarify, this Court noted it likely would not grant leave to file the suggested motions as it appeared the majority of the issues raised by the suggested motions appeared to *re-argue legal determinations already having been made by this Court*.

Consequently, out of an extreme abundance of caution the Court notes as follows:

The Court's prior ruling was contextual and addressed the suggestion of additional motions to be filed by PHI in the Louisiana Wage Deduction claims. The Court noted it will not revisit legal determinations already made, without good cause having been shown, and noted good cause could not at this stage be envisioned. The Court further noted the dispositive motion cutoff had passed consequently, no new dispositive motions can be filed before the Court without leave having been granted by the Court. PHI had filed no motion for leave, consequently any contemplated motions would have been denied *on that basis*. The contextual basis was the filing of *additional dispositive*

*motions beyond the dispositive motion cutoff date, and motions to reconsider legal matters already determined by the Court.* The ruling in no way contemplated prohibiting PHI from arguing any legal matter that has not already been determined by this Court, and even as to those already determined by the Court, of course, PHI can make its record by way of proffer in order to protect itself on appeal. Nor did this Court's ruling shift the burden of proof from the plaintiff, here the Unions, to PHI nor did it remove from the plaintiff, the Unions, their obligation to prove each and every element of their claims and remedy requested; nor did the ruling remove from PHI the right to argue any defenses *that are otherwise appropriate* and legally available. *However, to the extent any legal argument or defenses which might be wished to be raised by PHI have already been ruled on by this Court, the Court does not anticipate nor intend to revisit those legal rulings, and this Court's scheduling order shall govern.*

This Court cannot conclude this clarification without referencing counsel for PHI's allusion to former president William Jefferson Clinton's quote as to "feeling one's pain," and suggests that, in this unique situation, the pain felt by the parties, as opposed to the Court, might well be self-inflicted.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of May, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE