RECEIVED
MAY 2 8 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION AND OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is the "Motion in Limine to Exclude OPEIU Expert, Vaughn Ross, or Alternatively, to Establish the Limited Weight to be Afforded Mr. Ross's Opinions and Prayer for Interim Relief" [Doc. 359] filed by PHI. In the motion, PHI seeks to exclude Mr. Ross as an expert in this case on grounds Mr. Ross has no qualifications that provide him with the expertise to render expert opinions in this case under Rule 702 of the Federal Rule of Evidence. The motion is opposed by the Unions [Doc. 366]. For the following reasons, PHI's motion is GRANTED IN PART and DENIED IN PART.

At the outset, this Court notes the great deal of time and effort spent briefing the issue of this Court's gatekeeping role under a *Daubert* analysis in the context of a bench trial. This Court is well aware of the relaxed exclusionary affect of *Daubert* in bench trials and, in light of that relaxed exclusionary affect, renders the following ruling.

The gist of the arguments presented by counsel are as follows: PHI seeks to exclude the expert report of Mr. Ross on grounds Mr. Ross does not address the legitimate business concerns of

PHI in establishing neutral criteria for the safe return of a striking work force to the cockpit of its aircraft during the return to work process. The Unions argue PHI has misconstrued the Unions' purpose in proferring the expert opinions of Mr. Ross, as Mr. Ross was engaged to render his opinions as to how the striking pilots could and should have been returned to work after the delivery of the Unions' unconditional return to work offer, based on certain data reviewed by Mr. Ross, which did not include seniority alone, but also included other factors. The Unions contend they did not ask Mr. Ross to opine about the RLA or any of PHI's alleged operating constraints, because those are matters for PHI – and not the Unions – to prove as *defenses* at trial.

After review of the arguments of counsel, this Court finds there is merit in the position of both parties. While this Court finds Mr. Ross might possess the requisite experience and qualifications to address the issue of which pilots were *qualified and available* to return to work following the alleged unconditional offer to return to work by the Unions, this Court does not find Mr. Ross is qualified to opine as to the ultimate issue of *whether PHI should have returned those identified pilots to work at that time*. The latter is a matter for the Court to decide after consideration of all the facts and evidence presented at trial. Thus, PHI's motion is GRANTED to the extent Mr. Ross wishes to opine on what PHI *should or should not have done* – finding his opinion of no benefit to the Court on that point. To the extent Mr. Ross wishes to opine as to which pilots were, pursuant to training and other legally relevant factors, qualified and available to return to work, PHI's motion is DENIED. However, to the extent the latter is intended to be presented a trial, the Unions shall present a 1006 Summary containing the evidentiary basis and conclusions.

Thus, certain information *compiled by Mr. Ross* might be helpful to this Court at trial. However, *what inference to draw from that information* when viewed within the entire factual

context remains with the Court. IT IS ORDERED that should the Unions, within the context and limitations of this ruling, intend to present Mr. Ross as an expert at trial, Mr. Ross shall compile a Rule 1006 Summary or Compilation pursuant to Rule 1006 of the Federal Rules of Evidence as to that anticipated testimony, i.e., the pilots, their training status, and any other concrete, objective applicable criteria of availability and qualification. Relevant information might include: (1) which pilots were current and qualified to fly which aircraft as of November 10, 2006, and when, **based on their qualifications and training**, they would have been available to return *to fly which aircraft*; (2) which pilots were current and qualified on one or more aircraft but required training or requalification in other aircraft; and (3) which pilots were not current and qualified to fly which aircraft as of November 10, 2006. In summary, this Court notes it would find helpful knowing when pilots *could* have returned to work based on the existing FAA regulations and qualifications but would not find helpful an opinion as to when PHI *should* have returned the pilots to work; that issue, again is within the purview of the Court. **A copy of the 1006 summary shall be made available to PHI and this Court within ten (10) days of the date of this Memorandum Ruling.**

The 1006 summary shall contain **no opinion** as to what PHI should or should not have done but rather shall be a summary of relevant, underlying evidence discussed and referred to in Mr. Ross's report and of which the Unions argue is essential to their claim as to *when a given pilot could have been available to return to work*. *Again, this Court concludes Mr. Ross will not be allowed to testify as to when PHI should have returned a pilot to work, and, therefore, the 1006 summary should contain no such opinion, but Mr. Ross will be allowed to testify based upon the 1006 summary of evidence as to when a particular pilot might have been qualified and available to return to work, based on the applicable and identified objective criteria which would apply to a*

-3-

*pilot and a pilot's training and certification.*

With regard to the issue of the deposition of Mr. Ross, this Court concludes PHI will be permitted to redepose Mr. Ross, however, any redeposition *shall be limited* to the issues of the created 1006 summary and/or compilation and that portion of Mr. Ross's opinion which survives this Ruling. Any such deposition shall be conducted in the John M. Shaw Federal Courthouse at a time when this judge or Magistrate Judge Hill is available to provide oversight of the deposition, if necessary. Furthermore, counsel are cautioned that under the amended Federal Rules of Evidence and Federal Rules of Civil Procedure, counsel do not have unbridled discretion to instruct witnesses not to answer questions during depositions. Counsel are also strongly cautioned, however, that in this instance, *the deposition permitted herein will be limited to information contained in the 1006 summary, the method involved in preparing that summary, the sources of information contained in the summary, the accuracy of the compilation itself* and **the conclusion noted of when a particular pilot would have been available to return to work to fly which aircraft** *in light of the regulatory, training and other objective restrictions that applied to that pilot.*

*For purposes of clarity*, Mr. Ross's testimony at trial will be limited to the information contained in the 1006 summary and the resultant conclusions as to a given pilot's availability. In other words, to be perfectly clear, and to avoid confusion, information not contained in the 1006 summary will not be permitted at trial. Furthermore, the 1006 summary shall contain no opinion of Mr. Ross, other than the date a pilot might have been available to return to work to fly what aircraft; Mr. Ross's opinion cannot extend beyond the information contained in the 1006 summary.

To the extent Mr. Ross relies upon FAA regulations, rules, the CBA or any other external regulations or governing documentation as a source for his 1006 summary, he is to identify that

source with particularity and delineate which of that data contained in the 1006 summary flows from that source. This can be done by way of a cover document, no more than one page, which accompanies the 1006 summary and any data accompanying the 1006 summary flowing from the data is to be identified as such in the 1006 summary in a fashion that makes it readily identifiable.

As to whether or not Mr. Ross might or might not *be qualified* to opine *to the breadth* of his report, this Court need not address that matter at this time. The Court does not reach the overall issue of Mr. Ross's qualifications matching the extensive breadth of his report, as this Court concludes it will not benefit from the full breadth of Mr. Ross's report, as it is this Court's task to determine whether PHI considered neutral criteria, to return the pilots to work following the strike. This Court concludes Mr. Ross is qualified *to have gathered the factual information he gathered* in preparing his report and applying that information to an analysis; whether the analysis is sound or the information complete is a separate and independent matter from his qualifications. Finally, this Court notes it grants no costs or attorneys fees as requested by PHI, finding none warranted at his juncture. However, the Court cautions counsel and again reminds counsel of the applicable Federal Rules of Evidence and Civil Procedure and **ORDERS** that **should a second deposition be required, the Unions are ORDERED to pay all costs of the deposition, each party to bear its own attorneys fees**.

Considering the foregoing,

IT IS ORDERED that the "Motion in Limine to Exclude OPEIU Expert, Vaughn Ross, or Alternatively, to Establish the Limited Weight to be Afforded Mr. Ross's Opinions and Prayer for Interim Relief" [Doc. 359] filed by PHI, Inc. is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

IT IS FURTHER ORDERED that the Unions shall, within ten (10) days of the date of this Memorandum Ruling, provide to PHI and this Court a copy of Mr. Ross's Rule 1006 Summary or Compilation, should the Unions intend to utilize Mr. Ross at trial, in accordance with the instructions contained in this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 28th day of May, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE