RECEIVED
MAY 28 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION AND<br>OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is the "Motion in Limine to Exclude the Unions' Expert, Dr. W. Keith Martin, or, Alternatively, to Establish the Limited Weight to be Afforded Dr. Martin's Opinions" [Doc. 362], filed by PHI, Inc. In the motion, PHI seeks to exclude the expert opinion of Dr. Martin on grounds Dr. Martin's opinion is not helpful to the Court and on grounds his methodology is flawed. The motion is opposed by the Unions [Doc. 367]. For the following reasons, PHI's motion is GRANTED IN PART AND DENIED IN PART.

As an initial matter, this Court must return to the dichotomy between the issues surrounding the pilot's grievances under the Collective Bargaining Agreement ("CBA"), which are "minor disputes" and include the claims of the eleven *pilots* who were required to undergo psychological evaluations by PHI management, and the *Unions'* claim of alleged statutory violation by PHI, pursuant to Section 2, Third and Fourth of the RLA. Of initial note, in footnote one of its motion, PHI states that arbitration proceedings have begun with respect to the eleven *grievances* filed by the *pilots* who were required to undergo psychological evaluations by PHI's management, and that these proceedings are expected to conclude sometime during the week of May 25, 2009; the Unions do

not dispute this allegation and have, in fact, dismissed their lawsuit to compel arbitration (Civil Action No. 08-0762). As operation of the System Board of Adjustment has been resumed, the relied-upon jurisprudential exception granting jurisdiction to this Court over "minor disputes" no longer applies, therefore, this Court has no jurisdiction over the eleven *pilot grievances* under the CBA and *sua sponte* raises its lack of jurisdiction and will dismiss those claims within ten (10) days of entry of this ruling.[1] Therefore, whether the psychological evaluations were warranted and properly conducted by PHI pursuant to the existing, but expired, CBA would be a matter for arbitrator Donald Petersen. Moreover, whether Mr. Petersen chooses to accept or rely upon Dr. Martin's opinion as to the pilots' grievances is a matter for Mr. Petersen, and this Court makes no determination as to whether Mr. Petersen should or should not accept the opinions of Dr. Martin when making his final determinations as to the grievances before him.

Notwithstanding this Court's *lack of jurisdiction over the pilots' claims alleging violation of the CBA by PHI*, this Court retains jurisdiction over *the Unions' claims of alleged PHI's violation of the RLA and* the relevant evidence the Union wishes to present to establish those alleged violations, which includes the Unions' argument that **PHI's conduct**, as it relates to the selection and treatment of the eleven pilots and the required psychological exams, *is evidence of PHI's intent to violate and actual violation of the RLA* as noted below. The Unions have made a claim against PHI for a direct statutory violation of the RLA, alleging violations of Sections 2, Third and Fourth of the RLA.[2] The Unions' claims made under the RLA are in part, that PHI's conduct – *whether*

---

[1] The parties have ten (10) days to object to this dismissal of the eleven pilots' claims. Objections, if filed, shall be no more than three pages and filed within the ten day window. Reply to objections filed shall be filed within five (5) days of the date the objections are filed and shall be no more than three pages.

[2] Section 2, Third of the RLA, 45 U.S. §152, Third, states, in relevant part:

> ... neither party [carrier or union] shall in any way *interfere with, influence, or*

*allowable under the CBA or not* – was nonetheless *motivated and implemented* in an attempt to *interfere with and/or coerce its employees in an effort to induce them to not join or remain as members of the Unions*. Consequently, the Unions argue, in part, that *requiring certain pilots and not others* to undergo psychological evaluations would be relevant to establish the claims the Unions have made against PHI for direct violations of the statutory provisions of the RLA. To the extent the question of *which pilots* were selected *and why*, and *the manner by which the selections were made*, and the evaluations were carried out and other related issues evidencing relevant PHI conduct, bear on the elements of *the specific claimed violations of the RLA*, the Court concludes such evidence, as a threshold matter, should not at this juncture, be ruled inadmissable in the Return to Work lawsuit and will be addressed at trial within the contextual, factual basis presented.

PHI, also, argues Dr. Martin's opinions themselves, however, are objectionable. Dr. Martin opines, in part, that PHI did not engage in a proper procedure when its management personnel interviewed the eleven pilots and immediately referred them to psychological examinations. Dr. Martin further opines the interviews were conducted without medical professionals being present. Relying upon his general medical and industry experience, Dr. Martin opines that had PHI's managers believed any of the pilots required further examinations, those pilots first should have been referred to an FAA-certified air medical examiner ("AME") for further review for fitness of duty.

---

    *coerce* the other in its choice of representatives.

(emphasis added).

    Section 2, Fourth of the RLA, 45 U.S. §152, Fourth, states, in relevant part:
      ... it shall be unlawful for any carrier *to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization ...*

(emphasis added).

PHI argues in its motion it "does not question Dr. Martin's credentials as a Doctor of Medicine, Master of Public Health, and Bachelor of Arts in Psychologoy[, n]or does PHI doubt his expertise as an aeromedical consultant/advisor," however, PHI objects to the methodology used and breadth of opinion given.

PHI argues Dr. Martin's methodology – in particular, Dr. Martin's reliance on the declarations of the pilots – is flawed. This Court notes the declarations were drafted and/or created based on the declarant's experience of his or her return to work interview and were reviewed by the declarant and were signed under the penalty of perjury. This Court also notes the expert retained by PHI, Dr. Allen J. Parmet, does not dispute and by inference perhaps agrees with at least one of the opinions reached by Dr. Martin, i.e. that the declarant's affidavits were relevant in addressing whether PHI interviewers (who were laypeople) recommended pilots see an AME before any psychological testing was required. Notably, PHI has not disputed this fact in its briefing. Additionally, in a letter addressed to PHI's counsel, E. Scott Smith, Mr. Parmet states:

> Dr. Martin's report takes the role that I would have taken in reviewing pilot questionnaires. He does not address the process of screening, but rather reinforces my position.[3]

After review of Dr. Martin's report and the arguments of the parties, this Court concludes that, again, both parties argument have some merit. Therefore, to the extent Dr. Martin can identify the applicable FAA regulations vis-a-vis AMEs, if any, this Court would likely find such identification helpful, although the legal interpretation and application of those identified regulations would remain within the purview of the Court and not Dr. Martin. Further, a final determination as to what *other objective information*, if any, Dr. Martin might provide which the Court might find

---

[3] *See* the Unions' opposition brief to the instant motion, Doc. 367, Exhibit "E."

helpful, is one that must be made at trial, when the Court is able to assess all *facts and evidence* within the factual and contextual basis presented. Nonetheless, to the extent Dr. Martin is offering a *medical opinion as to whether PHI should have or should not have referred individual pilots for psychological evaluations*, this Court concludes Dr. Martin's methodology is, in fact, flawed. Dr. Martin has not treated each individual pilot, has not personally interviewed each individual pilot, and has only read a declaration of each individual pilot in a vacuum. There is no evidence PHI consulted with Dr. Martin in connection with their selection or referral of certain pilots for psychological examination, nor that Dr. Martin was in any way involved within the process as it occurred. Therefore, this Court finds any *medical* opinion of Dr. Martin is not based upon sufficient accepted methodology as to be sufficiently reliable and, therefore, would not be helpful to the Court and, in fact, is irrelevant to the decisions that were made by PHI *at the time they were made* as he was not consulted *at that time*. Thus, this Court finds the methodology utilized by Dr. Martin is not sufficient to form the basis of a sufficiently reliable *medical* opinion as to whether these eleven pilots *should have been* referred for psychological evaluations or should not. Rather, this Court finds Dr. Martin is basing his *medical* opinions on nothing more than argued FAA regulations and the declarations of the pilots.

However, whether the choice of *these specific pilots* for psychological evaluation – and *the manner of the referral* evidences intent to violate a specific provision of the RLA – is a determination for the Court to make after consideration of all of the facts and the evidence in this case, and Dr. Martin's *medical* opinion as to that decision, with no medical involvement with the pilots or review of any medical records of the pilots, is without proper medical foundation, and of no benefit to the Court.

Finally, with respect to PHI's argument that Dr. Martin should have considered more than the declarations of the pilots to reach his medical opinion, as Dr. Martin testified that he usually does consider more than declarations, this Court agrees and has not allowed his *medical opinion*. Nonetheless, to the extent the Unions wish to utilize Dr. Martin to present factual information, within the context and limitations of this ruling, this Court **ORDERS** a 1006 summary be prepared.

For example, to the extent portions of Dr. Martin's anticipated testimony should survive this ruling and would be otherwise admissible and beneficial to the Court, and the Unions wish to utilize Dr. Martin to present that factual information, the Unions are **ORDERED** to compile a Rule 1006 Summary or Compilation pursuant to Rule 1006 of the Federal Rules of Evidence, in which Dr. Martin shall present a summary of that information. The 1006 summary shall contain all factual evidence Dr. Martin intends to present at trial, such as any information reviewed or factual information relied upon, such as, FAA regulations or information contained in a declarant's affidavit. Dr. Martin may compile and present such factual information, otherwise relevant and admissible, found within the declarations and may isolate those FAA regulations he deems significant or controlling. However, the 1006 summary is, by its nature, to be factual only and shall not contain opinion. Thus, Dr. Martin shall render no *medical* opinion as to *whether PHI should or should not have referred each individual declarant for a psychological evaluation.* **A copy of Dr. Martin's 1006 summary shall be made available to PHI and this Court within ten (10) days of the date of this Memorandum Ruling**, should the Unions intend to present Dr. Martin at trial.

*For purposes of clarity,* Dr. Martin's testimony at trial will be limited to the factual information contained in the 1006 summary; and any objective conclusions which might or might not be drawn from that information, any opinions to be drawn therefrom as to PHI's conduct and

intent, will be within the purview of the Court. Dr. Martin will not be permitted to address at trial any information not contained within the 1006 summary. Furthermore, the 1006 summary shall contain no *medical* opinion of Dr. Martin, and Dr. Martin cannot testify at trial beyond the information contained in the 1006 summary and objective conclusion which flows therefrom.

To the extent Dr. Martin relies upon and references within the 1006 summary FAA regulations, rules, the CBA or any other external regulations or governing documentation, he is to identify that source with particularity and delineate which of that data contained in the 1006 summary flows from that source and identify that information within the 1006 summary. This declaration can be done by way of a cover document, no more than one page, which accompanies the 1006 summary. Any source data so identified is to be delineated in the 1006 summary in a fashion that makes it readily identifiable.

Considering the foregoing,

IT IS ORDERED that the "Motion in Limine to Exclude the Unions' Expert, Dr. W. Keith Martin, or, Alternatively, to Establish the Limited Weight to be Afforded Dr. Martin's Opinions" [Doc. 362] filed by PHI, Inc. is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

IT IS FURTHER ORDERED that the Unions shall, within ten (10) days of the date of this Memorandum Ruling, provide to PHI and this Court a copy of Dr. Martin's Rule 1006 Summary or Compilation, in accordance with the instructions contained in this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___28___ day of May, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-7-