# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHI, INC., ET AL.** | *CIVIL NO. 06-1469 c/w 06-2243 |
| **VERSUS** | *JUDGE DOHERTY |
| **OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, ET AL.** | *MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

The plaintiff, PHI, Inc. ("PHI"), has filed a Notice of Non-Compliance, advising this court of the non-compliance of seventeen individual pilot complainants with this court's discovery orders. [rec. doc. 272]. For those reasons set out below, it is recommended that the claims of the following individual pilot complainants be **DISMISSED WITHOUT PREJUDICE,** pursuant to Fed. R. Civ. P. 37(d), 41(b) and 16(f), for failure to comply with this court's discovery orders: Larry Burgoyne, Michael Butler, Thuong Tran Duc, Daniel Goodson, Joseph Gubler, Frank Haynes, Adam Hite, James Pecnik, Richard Phelps, John Rohner, William Rosenbalm, Norman Sherman, Jr., Dennis Smith, David Squires, Michael Stricklin, Jerold Swinderman and Stephen Torres.

## PROCEDURAL BACKGROUND

By the instant Motion, PHI seeks dismissal with prejudice of the claims of seventeen individual pilot claimants, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, for their repeated failure to comply with this court's discovery orders, despite numerous extensions and warnings by the court that failure to comply would result in dismissal of their

claims without prejudice. The non-complying pilots are as follows: Larry Burgoyne, Michael Butler, Thuong Tran Duc, Daniel Goodson, Joseph Gubler, Frank Haynes, Adam Hite, James Pecnik, Richard Phelps, John Rohner, William Rosenbalm, Norman Sherman, Jr., Dennis Smith, David Squires, Michael Stricklin, Jerold Swinderman and Stephen Torres.

The procedural history of this matter is as follows. On December 4, 2007, the Union filed a Supplemental Verified Complaint adding the individual pilots as claimants in the return to work suit, seeking, among other forms of relief, economic damages. [rec. doc. 160]. Thereafter, PHI propounded its Second Interrogatories and its First Request for Production of Documents on each of the individual pilot claimants on April 30, 2008 and May 1, 2008, respectively. None of the responses were received prior to the expiration of the statutory thirty day delay for serving responses.

On June 16, 2008, after the statutory delay had run, the Union sought and received an extension of time to respond to the outstanding discovery requests. Accordingly, responses were then due July 2, 2008.[1] [rec. docs. 186, 188 and 204]. In granting an extension of time to the individual pilots, mindful that the discovery deadline of July 17, 2008 was rapidly approaching, the undersigned expressly advised that no additional extensions of time would be granted. [rec. doc. 204]. Moreover, because several of the pilots depositions had been set for June 30, 2008, the undersigned advised that in the event that re-deposition of any pilot would

---

[1] Prior to the filing of this motion, PHI had agreed to an informal extension of time through June 16, 2008 and June 17, 2008, respectively, and that any further informal extensions would be considered by PHI on a case by case basis.

become necessary because of the lack of a discovery response prior to deposition, the costs of the re-deposition plus attorneys fees would be imposed against the Union. [rec. doc. 213, pg. 5-7].

On August 19, 2008, PHI filed a Motion to Compel and for Sanctions because thirty seven individual pilot claimants had failed to respond to the outstanding discovery requests as ordered by this court. Accordingly, PHI sought dismissal with prejudice of the claims asserted by those claimants.[2] During the Rule 37.1W required conference between counsel, the Union's counsel advised counsel for PHI that despite repeated requests and urging, responses had not been received from the individual pilots. The Union's counsel further advised that one last attempt to get the pilots' individual discovery responses would be attempted. [rec. doc. 247].

A hearing on PHI's Motion to Compel and for Sanctions was held on August 26, 2008. The court granted the Motion to Compel and again ordered the non-compliant individual pilot claimants to fully respond to the outstanding discovery requests within seven days. The individual pilot claimants were expressly warned that their failure to fully respond would result in a recommendation by the undersigned to dismiss their claims without prejudice. [rec. doc. 255]. During this conference, counsel for the Union acknowledged that the outstanding discovery responses had not been submitted to PHI because the individual pilots had not responded to counsel's repeated requests for the information necessary to formulate an adequate response.

---

[2]Prior to the filing of the Motion, counsel for PHI had attempted resolve this dispute informally, granting an informal extension of time initially through July 28, 2008 and thereafter, through August 15, 2008.

This court's deadline for discovery responses expired, without any discovery responses from seventeen of the non-compliant individual pilot claimants having been submitted. Accordingly, on September 15, 2008, PHI filed the instant Notice of Non-Compliance, seeking issuance of a Report and Recommendation, recommending dismissal of the claims of these seventeen individual pilot claimants. Counsel for PHI has certified in his Motion that counsel for the Union concurs that the seventeen pilots named in PHI's Motion, all of whom remain as complainants, did not respond to PHI's discovery on or before this court's deadline to do so.[3] [rec. doc. 272].

The discovery deadline has long since passed and this matter is set for trial beginning on June 29, 2009.

## LAW AND ANALYSIS

In light of the above, it is clear that the seventeen individual pilot claimants have repeatedly failed to comply with Orders of this court by failing to submit responses to PHI's discovery, despite two extensions granted by this court, as originally ordered on or before July 2, 2008, and as thereafter mandated, on or before September 5, 2008. [rec. docs. 204 and 255].

A court may sanction a party who refuses to obey a discovery order under Rule 37(d)(1)(A)(ii).[4] Those sanctions include dismissal of an action. Rule 37(d)(3), FRCP *citing*

---

[3] Several of the other non-compliant pilot claimants have sought, and obtained, dismissal of their claims. Accordingly, only seventeen remain before this court.

[4] Rule 37(d)(1)(A)(ii) provides in pertinent part as follows:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

Rule 37(b)(2)(A)(i)-(vi), FRCP. Dismissal is authorized when the failure to comply with the court's order results from wilfulness or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply. *Batson v. Neal Spence Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) *citing National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779 (1976) and *Marshall v. Segona*, 621 F.2d 763, 767 n. 8 (5th Cir.1980); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

Stated differently, dismissal is appropriate where a party's "failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply." *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (55h Cir. 1977). Moreover, dismissal is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Batson,* 765 F.2d at 514 *citing Marshall*, 621 F.2d at 768. Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id,; Coane,* 898 F.2d at 1032. Finally, dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere

---

(1) In General.
(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
. . .
(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

misunderstanding of the court's orders. *Batson,* 765 F.2d at 514 *citing Marshall*, 621 F.2d at 768 and *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978).

A court may also sanction a party who fails to comply with a court order under Rule 41(b) and 16(f), FRCP. All parties have the responsibility to comply with orders of the court. Failure to do so shall be considered cause for sanctions. These sanctions are both necessary and warranted to control this court's docket and maintain the orderly administration of justice and may include including dismissal of the action. *See* F.R.C.P. 16(f)[5]; *See also* F.R.C.P. 41(b)[6]; *Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (recognizing the inherent authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute in order to prevent undue delays in the disposition of pending cases and calendar congestion even though the language of Rule 41(b) appears to require a motion from a party); *Chambers v. Nasco, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *John v. State of Louisiana,* 899 F.2d 1441 (5th Cir. 1990) (upholding sanctions under Rule 16(f))*;*

---

[5] Rule 16(f) provides in pertinent part as follows:
(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
. . .
(C) fails to obey a scheduling or other pretrial order.

[6] Rule 41(b) provides in pertinent part as follows:
(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

*Rushing v. Kansas City Southern Railway Co.,* 185 F.3d 496, 508 and fn. 12 (5th Cir. 1999) superceded by Rule as stated in *Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002); *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986) (noting the standard for dismissal under Rule 41(b) is applicable to dismissals under Rule 16(f) and accordingly upholding dismissal under these standards); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417-1418 (5th Cir. 1995); *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993).

The purpose of rule 16(f) is to "encourage forceful judicial management" of litigation, as well as to improve the quality of the trial through more thorough preparation. Therefore, prejudice resulting from a party's noncompliance with the rules need not be shown. *John*, 899 F.2d at 1448 *citing* Advisory Committee on Rules, Notes to 1983 Amendment; Rules 16(a)(2) and 16(a)(4). Rule 16(f) gives the court wide authority to impose effective sanctions, if it is determined that sanctions are appropriate. *Id.*

As is the case under Rule 37, a dismissal under Rule 41(b) or Rule 16(f) is a harsh sanction appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Price*, 792 F.2d at 474 *citing Rogers*, 669 F.2d at 320. Additionally, at least one of three aggravating circumstances should be present: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.*

In the instant case, the seventeen pilot claimants' conduct meets the above standard. The record discloses a clear pattern of delay caused by their conduct, as well as a history of

7

disobedience by these claimants to this court's discovery orders. As a direct result of their actions, the pilots have halted the normal progression of discovery necessary for a just and final resolution of their claims; indeed, timely and adequate discovery of their claims has not been conducted, and, at this late stage of the litigation, can never be conducted.

Moreover, two aggravating circumstance are present. First, the delay caused herein is a direct result of the pilot claimants' own actions. Counsel for the Union have indicated to the court that they have repeatedly attempted to contact these pilots to obtain the information necessary to form a proper response, but that there has been no response by the Pilots to their efforts. This has also been implicitly acknowledged by counsel for the Union by their concurrence in the Notice of Non-Compliance filed by PHI and their lack of formal opposition to that Notice.

Second, in light of this court's prior warning that failure to comply with this court's final order extending the discovery response deadline would result in a recommendation for dismissal of this action, the pilot claimants' flagrant disobedience of this court's orders appears to be intentional rather than mere oversight or neglect. Moreover, given the level of training and education necessarily possessed by the pilot claimants, they obviously possesses the requisite knowledge and skill to understand the importance of meeting court ordered deadlines. This is particularly true in this case, given that the undersigned expressly warned the pilots that their continuing failure to comply with their discovery obligations would result in a recommendation for dismissal of their claims.

Finally, given that the discovery deadline has long since passed and this case is to be tried in less than one month, it is beyond dispute that PHI's trial preparation has been substantially prejudiced; PHI has been denied the opportunity to fully explore the specifics of the individual pilots' claims.

Accordingly, the undersigned concludes that a lesser sanction would not serve the best interests of justice. *Batson,* and *Price, supra.* Dismissal of the claims of individual pilot claimants Larry Burgoyne, Michael Butler, Thuong Tran Duc, Daniel Goodson, Joseph Gubler, Frank Haynes, Adam Hite, James Pecnik, Richard Phelps, John Rohner, William Rosenbalm, Norman Sherman, Jr., Dennis Smith, David Squires, Michael Stricklin, Jerold Swinderman and Stephen Torres without prejudice under Rule 37(d), FRCP is therefore recommended.

These same reasons justify dismissal of the pilot's claims under Rule 41(b) and 16(f), FRCP. Accordingly, dismissal without prejudice under these Rules is likewise recommended.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that the claims of individual pilot complainants Larry Burgoyne, Michael Butler, Thuong Tran Duc, Daniel Goodson, Joseph Gubler, Frank Haynes, Adam Hite, James Pecnik, Richard Phelps, John Rohner, William Rosenbalm, Norman Sherman, Jr., Dennis Smith, David Squires, Michael Stricklin, Jerold Swinderman and Stephen Torres be **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 37(d), 41(b) and 16(f) of the Federal Rules of Civil Procedure, for failure to comply with this court's discovery orders.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 2nd day of June, 2009, at Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE