RECEIVED
USDC, WESTERN DISTRICT OF LOUISIANA
TONY R. MOORE, CLERK
DATE 7/14/10

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION AND OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## AMENDED MEMORANDUM RULING

This Court adopts and incorporates by reference, as if set forth fully herein, the entirety of this Court's Memorandum Ruling issued July 9, 2010 [Doc. 461], with the following clarifications:

On page 14 of the Ruling, the statement that reads "The *Toledo* court went on to note the foreclosure of both *legal* and equitable relief should a party fail to comply with the provisions of the NLGA . . . ." should read "The *Toledo* court went on to note the foreclosure of both *injunctive* and equitable relief should a party fail to comply with the provisions of the NLGA . . .[,]" in accordance with this Court's interpretation of the *Toledo* decision.

Additionally, on page 45 of the Ruling, the last paragraph of the ruling is modified to state:

Therefore, *as a matter of law*, this Court GRANTS "PHI, Inc.'s Motion to Dismiss the Unions' RLA-Based Counterclaims in the Bargaining Suit" [Doc. 456] and the "Unions' Motion to Dismiss PHI, Inc.'s First Amended Complaint for Declaratory Judgment and Permanent Injunctive Relief in the Bargaining Suit" [Doc. 455] and

DISMISSES WITH PREJUDICE all claims alleged by PHI in the Bad Faith Bargaining Suit, *and all counterclaims alleged by the Unions that PHI violated Section 2, First, Section 2, Seventh, and Section 6 of the RLA.*[1]

THUS DONE AND SIGNED in Lafayette, Louisiana, this 13 day of July, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 7/14/10
BY
TO

---

[1] The Ruling in its original form states:

> Therefore, *as a matter of law*, this Court GRANTS "PHI, Inc.'s Motion to Dismiss the Unions' RLA-Based Counterclaims in the Bargaining Suit" [Doc. 456] and the "Unions' Motion to Dismiss PHI, Inc.'s First Amended Complaint for Declaratory Judgment and Permanent Injunctive Relief in the Bargaining Suit" [Doc. 455] and DISMISSES WITH PREJUDICE all claims alleged by PHI in the Bad Faith Bargaining Suit, *and all counterclaims asserted by the Unions' in the Bad Faith Bargaining Suit.*

However, as the parties indicated at the July 13, 2010 conference with the Court, the Louisiana Wage Deduction Claims that have not yet been adjudicated by the Court are asserted by the Unions as counterclaims in the Bad Faith Bargaining Suit. Ergo, not all of the Unions' counterclaims in the Bad Faith Bargaining Suit are dismissed via the Court's July 9, 2010 Memorandum Ruling.