RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/13/10

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD) <br> 06-2243 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION AND OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 108 | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is the "Notice of Appeal of Plaintiffs OPEIU, OPEIU Local 108 and Individual Pilots in Case No. 6:06-CV-2243 (Return to Work Suit)" filed by the Unions [Doc. 503]. Attached to the Notice of Appeal is a proposed Order, prepared by the Clerk of Court, directing that, pursuant to Rule 11(e)[1] of the Federal Rules of Appellate Procedure, the Clerk of Court is to retain the record in the above-captioned matter until all pending matters before this Court are concluded.

---

[1] Rule 11(e) states:

**(e) Retaining the Record by Court Order.**

> **(1)** The court of appeals may, by order or local rule, provide that a certified copy of the docket entries be forwarded instead of the entire record. But a party may at any time during the appeal request that designated parts of the record be forwarded.
>
> **(2)** The district court may order the record or some part of it retained if the court needs it while the appeal is pending, subject, however, to call by the court of appeals.
>
> **(3)** If part or all of the record is ordered retained, the district clerk must send to the court of appeals a copy of the order and the docket entries together with the parts of the original record allowed by the district court and copies of any parts of the record designated by the parties.

Fed. R. App. P. 11(e).

This Court has question as to the procedural posture of the proposed order. Specifically, the document entitled "Notice of Appeal" contains a caption with the docket numbers of both the Bad Faith Bargaining Suit (06-01469) and the Return to Work Suit (06-02243) – which have been consolidated – however, the proposed order submitted for signature contains the docket number for the Bad Faith Bargaining Suit only. As the parties are aware, there are currently pending claims in the Bad Faith Bargaining Suit which are the subject of pending motions currently under consideration by the Court. It is the pendency of the surviving claims that has prevented this Court from entering final judgment as to all consolidated cases.[2]

Notwithstanding the foregoing, as there are matters that remain active in the Bad Faith Bargaining Case, this Court recognizes the record should remain with the district court. Therefore, the instant Order, directing the Clerk of Court to retain the record until all pending matters before this Court are concluded pursuant to Rule 11(e) of the Federal Rules of Appellate Procedure, is GRANTED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 14 day of September, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] This Court has grave concern – as reflected by the confusion in the captions, noted above – as to whether the matter is ripe for appeal as the "Bad Faith Bargaining Suit" and the "Return to Work" suit have been consolidated for all purposes. Therefore, this Court has question as to whether any portion of the Return to Work Suit could be appealed absent a Rule 54(b) order of the Court. This Court further notes the proposed order infers recognition of the consolidated nature of the cases by requesting that the record remain with the Clerk of Court "until all pending matters before this Court are concluded," but issues a notice of appeal as to only one of the consolidated cases. However, this is a matter for determination by the appellate court. This Court further understands and appreciates no party wishes to waive their right to appeal and may have filed such notice of appeal out of an abundance of caution.