RECEIVED
NOV 12 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 06-1469 (LEAD)<br>Consol. w/ 06-2243 |
| VERSUS | JUDGE DOHERTY |
| OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION, THE<br>OFFICE & PROFESSIONAL EMPLOYEES<br>INTERNATIONAL UNION LOCAL 108, AND<br>THE INDIVIDUAL PILOTS | MAGISTRATE JUDGE HILL |

### RULING AND ORDER

This Court has previously dismissed all pending claims in the Return to Work Case, Civil Action No. 06-2243, which is consolidated with the Bargaining Case, Civil Action No. 06-1469. Although the parties agree neither party should be awarded costs upon the entry of final judgment in the Bargaining Case, PHI argues it is entitled to costs upon the entry of final judgment in the Return to Work Case; the Union objects. At the order of the Court, the parties briefed the issue, and the Court now issues its ruling.

Rule 54(d) of the Federal Rules of Civil Procedure states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . ." Fed. R. Civ. P. 54(d). PHI correctly points out the Fifth Circuit strongly presumes courts will award costs to the prevailing party. *See, e.g., Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). However, it is axiomatic that under this rule, the decision to award costs turns on whether a party, as a practical matter, has prevailed. *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). Additionally, because of a strong presumption in favor

of costs, a court must articulate good reasons for doing so when it does not award costs. *Schwann v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Such reasons include the presentation of close and difficult legal issues and good faith prosecution. *See, e.g., Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.2006) (holding good faith prosecution alone is not sufficient to justify denial of costs).

Although the Fifth Circuit has not squarely addressed the issue of whether a plaintiff whose lawsuit is dismissed for lack of subject matter jurisdiction entitles the defendant to costs as the prevailing party, several other circuits have addressed this issue, as has a district court within the Fifth Circuit. *See, e.g., Miles v. California*, 320 F.3d 986, 988 (9th Cir.); *Hygenics Direct Co. v. Medline Indus.*, 33 Fed Appx. 621, 625 (3d Cir. 2002) (Third Circuit affirmed district court's denial of costs after dismissal for lack of diversity, holding the denial was proper because the defendant had not "prevailed . . . on any issue that is fundamental to the action."). *See also Libertarian Party v. Darenne*, 2010 WL 2572114, 1 (M.D. La. June 23, 2010) (declining to award costs to defendant in lawsuit that was dismissed as being moot, where defendant "did not prevail on the substantive legal claim" because the court lacked subject matter jurisdiction necessary to determine the merits because of mootness).

In the instant case, this Court dismissed the various claims of the Unions by virtue of several different rulings, as set forth below:

1. PHI's May 25, 2007 Motion to Dismiss the Unions' Claims under La. Rev. Stat. §23:822 on preemption grounds, which was granted by this Court on October 29, 2007.

2. PHI's June 17, 2009 oral Motion to Dismiss the claims of the individual Pilots for lack of an individual private right of action, was which granted by this Court on May 11, 2010 [Doc. 442].

    3.    The Court's *sua sponte* ruling that it lacks subject matter jurisdiction over the same claims identified in Paragraph 2, above, on grounds the foregoing claims are "minor disputes" [Doc. 442].

    4.    PHI's July 13, 2010 Motion to Dismiss the claims of the Unions, which was granted by this Court on July 30, 2010 on grounds the NLGA bars the Unions' claims, and this Court lacks subject matter jurisdiction over the claims. The foregoing dismissal was a dismissal without prejudice. [Docs. 475, 476 & 518].

Although this Court dismissed some of the Unions' claims in the Return to Work Case on preemption grounds and on grounds the Individual Pilots had no private right of action to seek the relief requested under the RLA, the vast majority of the claims in the Return to Work Case were dismissed without prejudice and for lack of subject matter jurisdiction. Additionally, this Court has noted on numerous occasions the legal issues presented for consideration in the Return to Work Case were complex and unique, and there was very little Fifth Circuit law addressing many of the claims presented. The foregoing is evidenced by the over four-year period in which these consolidated matters were pending before this Court and the extensive motion and discovery practice employed. Indeed, it was not until this matter was set for trial for the third time that the legal issues came into such focus that the Court *sua sponte* raised the issue of its jurisdiction over the claims in the Return to Work Case and, the majority of the claims presented in the Return To Work Case were dismissed therefore without prejudice, which, perhaps, calls into question whether PHI should be considered a "prevailing party" for purposes of costs.

Notwithstanding the foregoing, it is not lost on this Court that all claims asserted in the Return to Work Case were asserted by the Unions only; PHI asserted no cross-claims in the matter. Thus, although the questions presented were novel and complex, those novel and complex questions centered upon *whether* the Unions had a legal basis for the claims asserted. As all claims were

ultimately dismissed, an argument could be made that costs should be awarded to PHI in this instance. However, as this Court dismissed the majority of the claims asserted for lack of subject matter jurisdiction, it is unclear to this Court whether, under these circumstances, PHI should be considered a prevailing party. Regrettably, the jurisprudence on this issue is not as clear as one would desire. However, this Court cannot escape the fact that the dismissal of the majority of claims in this case was for lack of subject matter jurisdiction, and, as required by law, without prejudice and the legal questions were complex and unique. Under these circumstances, the Court declines to exercise its discretion to award costs to PHI. However, the question is one that is not clear and is troubling to the Court. This Court would welcome the Fifth Circuit's clarification on the issue of dismissal for lack of subject matter jurisdiction, should the issue of costs be appealed.

Considering the foregoing, it is ORDERED that the final judgment in the Return to Work Case, to be issued under separate cover, will not include an award of costs to PHI.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 12c day of November, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE